[State of Alabama v. Hewlett.]


# State of Alabama *v.* Hewlett.

### *Motion to Dismiss Appeal.*

124  471
133  353
124  471
138  509

1. *Information; what it includes as used in the statute.*—In view of the fact that the mode of prosecution for crime by information does not prevail in this State, it must be that the legislators used the word information in the ‚statute providing for appeal by the State in criminal cases, with reference to some recognized proceeding other than presentment by a grand jury. It may be that for want of other application, the term as used in our statute may include both a complaint filed on appeal, and an affidavit when adopted as the incriminating charge in the higher trial courts.

2. *When state cannot appeal.*—Under the Code, section 4315, providing for appeal to the Supreme Court by the State when the act of the legislature under which the indictment or information is preferred is held to be unconstitutional, such appeal does not lie from police and justices' courts. The appeal must be taken by the solicitor and the clerk must certify the transcript, which would seem to presuppose a court having a clerk and a right to the attendance of the solicitor.

3. *When Supreme Court no original jurisdiction in mandamus.* The statute impliedly prohibits the Supreme Court from exercising original jurisdiction in respect of writs of mandamus where any other court has such jurisdiction. Code, § 3826.


APPEAL from Police Court of Birmingham.

Tried before Hon. N. B. FEAGIN.

Thomas G. Hewlett and others were arrested on warrant issued out of the police court of Birmingham founded on affidavit charging them with violation of the statute against "book-making or pool-selling on horse racing." The defendants demurred to the affidavit, and the demurrer was sustained on the ground that the said statute was unconstitutional. From the judgment on the demurrer the State appealed.

CABANISS & WEAKLEY, for appellant.

SMITH & SMITH, *contra.*

SHARPE, J.—In the Police Court of Birmingham the defendants were charged with a misdemeanor upon the affidavit of a citizen. The minute entry of the court, and the·bill of exceptions state that upon the trial, the court sustained a demurrer to the affidavit and warrant and dismissed the case for the reason that the act under which the charge was preferred was held unconstitutional. The case appears in this court as upon an appeal taken in behalf of the State and defendants here move to dismiss the appeal.

Prior to the act of December 8, 1880, the right of appeal in criminal cases was given alone to defendants. That act in its first section gave the solicitor the right to appeal in behalf of the State to the Supreme Court "in all criminal cases when the act of the legislature under which the indictment is found is held to be unconstitutional." Its second section provided among other things "that the·constitutionality of a statute under which an indictment is found can only be raised by demurrer to the indictment or complaint." The office of this clause was to regulate the mode of questioning the validity of a statute on constitutional grounds in all criminal cases based upon it, whether tried on indictment or on complaint based on affidavit; but it did not purport or have effect to enlarge the State's right of appeal, beyond the case where an indictment had been found as provided by the preceding section. After this enactment, a large class of cases still existed coming by appeal from inferior courts to the circuit and city courts, in which there being no indictment, the State could not appeal. It was doubtless to remedy this, as well as to remove the restriction on the mode of raising constitutional questions, that the codifiers changed the law to that which appears in section 4315 of the Code as follows: "In all criminal cases when the act of the legislature under which the indictment or information is preferred is held to be unconstitutional, the solicitor may take an appeal in behalf of the State to the Supreme Court, which appeal shall be · certified as other appeals in criminal cases; and the clerk must transmit without delay a transcript of the record and certificate of appeal to the Supreme Court."

The case now given in which the appeal lies is "when

[State of Alabama v. Hewlett.]

an indictment or information is preferred." An indictment being an accusation by a grand jury is found only in a court having such jury. The term *information as* used in criminal proceedings has likewise a well defined meaning, and designates an accusation of crime made by an authorized public officer. At common law it was exhibited by the attorney general in a class of cases, and by subordinate officers of the crown in others.—1 Bacon's Abridgment, title, *Information;* 4 Black. Com. 308. Where it is adopted in this country the proceeding is founded on the common law and the power to make the information is in general exercised by the officer whose duty it is to prosecute for the State.—1 Bish. Crim. Pro., § 144; 10 Am. & Eng. Ency. Law, 703.

In view of the fact that this mode of prosecution for crime does not prevail in this State, it must be that the legislators used the word information in this statute, with reference to some recognized proceeding other than by the presentment of a grand jury. The complaint which the solicitor is required to file on appeal from the county court has been likened to an information.—*Tatum v. State,* 66 Ala. 465. And it has been called such in judicial writing as in *Simpson v. State,* 111 Ala. 6. Elsewhere it has been held that an affidavit made to prefer a criminal charge is not an information.—*State v. Kelm,* 79 Mo. 515. It may be that for want of other application, the term as used in our statute may include both a complaint filed on appeal and an affidavit, when adopted as the incriminating charge in the higher trial courts. It does not follow however that this provision for the State's appeal should be extended by construction beyond its literal import so far as to include cases in all inferior courts. In aid of its construction it may be noticed, that it is found in the chapter which regulates appeals by defendants from circuit and city courts; that it forms the exception mentioned in the initial section which allows the State to reserve questions for review in cases tried in those courts. The appeal must be taken by the solicitor and the clerk must certify the transcript as in other appeals, which would seem to presuppose a court having a clerk and a right to the attendance of the solicitor. Furthermore we are unable to find any good

reason why the codifiers should intend to radically change the original act, and to multiply appeals by allowing them to the State from the many police and justice courts. If appeals by the State from those courts had been contemplated, they could more appropriately have been carried to intermediate courts where the whole controversy could be disposed of, subject to the right of both parties to appeal to this court.

We conclude that this attempted appeal does not lie and it will be dismissed.

The application for rule *nisi* looking to *mandamus* to the police court will also be dismissed. The circuit court and other courts in Jefferson county have supervisory jurisdiction over inferior courts such as the police court of Birmingham, and the statute impliedly prohibits this court from exercising original jurisdiction in respect of writs of *mandamus* where any other court has such jurisdiction.—Code, § 3826; *Ex parte Pearson*, 76 Ala. 521; *Ramagnano v. Crook*, 88 Ala. 550.