# Terry *et al. v.* Allen Bros.

*Action for Breach of Contract.*

[Decided June 28, 1902.]

1. *Pleading and practice; effect of sustaining some of the grounds of demurrer.*—When any of the grounds or assignments or demurrer to a complaint are sustained, the effect of such ruling is to declare the complaint insufficient for the maintenance of the action, although other grounds of the de-

42s

[Terry *et al. v.* Allen Bros.]

murrer were overruled; and upon the plaintiff declining to amend or plead over, judgment final must be rendered against him.

2.  *Statutory right of redemption; can not be made the basis of an action.*—The statutory right of redemption is neither property nor right in property, but is a mere personal privilege, not assignable and can not be exercised by any person other than the one upon whom the statute has conferred it; and, therefore, the failure of one to whom the statutory right of redemption is sought to be assigned, to exercise or attempt to exercise such right, as he had agreed to do under the contract of assignment, does not furnish a ground of action for the breach of such contract.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by the appellants, S. L. Terry and T. J. Terry against the appellees, N. N. Allen and W. P. Allen, partners composing the firm of Allen Brothers; and sought to recover damages for the breach of a contract, alleged to have been entered into by and between the plaintiffs and the defendants. The contract sued upon, as averred in the complaint, is sufficiently stated in the opinion.

The complaint as originally filed, was amended by the addition of several counts. There was a motion made by the defendants to strike the third count of the complaint. The recital in the judgment entry shows that this motion was granted, and the count stricken. There is no bill of exceptions showing the ground of the motion or the rulings thereon. The defendants demurred to the original and amended complaint, assigning many grounds of demurrer. The court overruled some of the grounds of demurrer and sustained others. Upon the plaintiffs failing and refusing to plead over, after some of the grounds of the demurrer interposed to the complaint were sustained, the court rendered judgment for the defendants. The plaintiff appeals, and assigns as error, the rulings of the court upon the pleadings and the rendition of judgment in favor of the defendant.

J. T. SANDERS and ESPY, FARMER & ESPY, for appellant, cited *McCrary v. Jones,* 96 Ala. 593; Bishop on Contracts, Art. 72, p. 28; *Root v. Johnson,* 99 Ala. 90.

No counsel marked as appearing for appellee.

McCLELLAN, C. J.—When any ground or assignment of demurrer to a complaint is sustained, the demurrer to that complaint is sustained; and if plaintiff declines to amend, judgment final must be rendered against him. It is of no consequence that the court may in terms overrule one or any number less than the whole of the assignments of demurrer: The sustaining of any assignment is as effectual as the sustaining of the demurrer generally or each and all its assignments expressly.—*Watson v. Jones Bros.,* 121 Ala. 579.

The complaint in each of its counts, except the one last filed by way of amendment, on October 2, 1901, set up a contract whereby the plaintiffs undertook to assign to defendants, and the latter undertook to exercise upon certain terms, a statutory right of redemption of certain lands from the purchaser at a foreclosure sale, and claimed damages for a failure on the part of the defendants to carry out this contract. As the statutory right of redemption is not property nor any right in property but a mere personal privilege conferred by the law upon one whose lands have been sold in foreclosure proceedings and the like, and as this privilege is not assignable and cannot be exercised by any person other than him upon whom the statute has conferred it, it is clear that those grounds of the demurrer which set up the want of consideration for the undertaking of the defendants and the absence of any duty, obligation or capacity on the part of the defendants to carry out the undertaking they had nominally assumed, were well taken; and that of consequence the demurrer was properly sustained on such grounds.

The supposed action of the trial court in striking the count filed October 2, 1901, is not shown here by a bill of exceptions, and we, therefore, cannot review it.

Affirmed.