Court of Appeals for Ashtabula County.

WILLIAM G. HAAS v. BURTON E. THAYER, AS TREASURER OF ASHTABULA COUNTY ET AL.

Decided, September Term, 1914.

*Misjoinder of Parties—Demurrer Overruled Without a Statement Showing Upon Which of Two Grounds it was Based—Presumption That it Was Sustained on the Proper Ground.*

When a demurrer to a petition, which contains two grounds, a misjoinder of parties defendant and that the petition does not state facts which show a cause of action, is sustained, without stating upon which cause the demurrer was sustained, and the plaintiff declining to plead further the action is dismissed: A reviewing court can not reverse the judgment of dismissal of action against one of the defendants, if the demurrer was properly sustained upon either ground.

*H. E. Hammar*, for plaintiff in error.

*H. E. Starkey* and *F. R. Hogue*, contra.

POLLOCK, J.; METCALFE, J., and SPENCE, J., concur.

The plaintiff in error, William G. Haas, brought an action in the court of common pleas of this county against the defendant, Burton E. Taylor, who was, at the time of the matters complained of in this petition, treasurer of this county, and the defendant, P. G. Remick, who was auditor of the county at that time.

The plaintiff claimed that he was a resident of the state of Pennsylvania and was the owner of a certain gasoline launch; that he leased this launch to one William Dehring on condition that it should not be taken out of the state of Pennsylvania; that Dehring, in violation of this agreement, brought the launch into this county and was selling intoxicating liquors in violation of the Rose law, this law being in effect in this county at that time. Dehring was arrested and plead guilty to the charge. The defendant auditor then placed the tax known as the Dow tax on the tax books of the county against Dehring, and the defendant treasurer, in order to collect this tax, levied on the launch and was proceeding to sell in order to pay this tax when the plaintiff in error brought an action to enjoin the treasurer from proceeding further in the sale of the launch.

This case was prosecuted through all the courts of this state, resulting in a judgment in favor of the plaintiff Haas. The plaintiff then brought this action in the court of common pleas to recover damages which he claims he sustained by the unlawful taking and keeping of the boat, and the petition further claims that, while the boat was in the possession of Thayer under his proceeding, he negligently and carelessly left it in the lake so that it was damaged by freight-boats, and that after that he pulled it up on the beach and negligently and carelessly left it uncovered so that it was damaged.

Both of these defendants filed a demurrer to the petition, on two grounds: first, a misjoinder of defendants; and, second, that the petition did not state facts sufficient to constitute a cause of action. The court in passing upon the demurrer sustained it, and the judgment on the demurrer is as follows:

"This day came the parties, by their attorneys, and this cause come on to be heard upon the demurrer to the petition, heretofore filed herein; on consideration whereof said demurrer is sustained, And the plaintiff excepts."

After his demurrer was sustained, the plaintiff not wishing to plead further, judgment was entered against him and the action dismissed, and this proceeding in error is prosecuted to

reverse the judgment of the court below for error in sustaining the demurrer.

The petition does not charge that Remick did anything more than simply place the Dow tax on the tax books of the county against Dehring; that the further proceedings as to levy and sale of the boat were done by Thayer under the statute requiring him to levy on and sell the property in which intoxicating liquors are sold, in order to pay the Dow tax. The plaintiff is not now claiming that he can recover damages for the taking possession of this boat and proceeding to sell it to pay this tax, but it is claimed that the allegations which charge Thayer with negligently taking care of the property while in his possession, resulting in damage, made a good cause of action, and that the general demurrer to the petition should not have been sustained. We agree with the contention of plaintiff in that regard, but nothing further need be said in regard to this question for the reason that we believe the judgment of the court below should be sustained notwithstanding the petition did state a good cause of action.

It is now admitted by the attorney for plaintiff that there was a misjoinder of parties defendant in this action. The petition does not charge Remick with having anything to do with the possession and care of the boat. All he did was to place the Dow tax on the books of the county against Dehring. The other acts in the proceedings to collect taxes were done by Thayer, the treasurer. The demurrer was rightfully sustained on the ground of misjoinder of parties, but not on the ground that the petition did not state a cause of action. The court sustained the demurrer without stating on which ground, and upon the plaintiff's refusal to plead further the court dismissed the action.

Section 11309 of the General Code provides that the defendant may demur to the petition when it appears on its face that there is a misjoinder of parties, either plaintiff or defendant, or that the petition does not state facts which show a cause of action; so that the demurrer should be sustained if the petition fails under either of these conditions, and the court was

right in sustaining the demurrer, even though the petition might be good on one ground, and, when the plaintiff declined to plead further, in dismissing the action.

The Supreme Court of Florida, in the case of *R. R. Co.* v. *Peck,* 46 Southern, 1019, say:

"When any ground of demurrer to a declaration is sustained, the demurrer to that declaration is sustained. In ruling upon a demurrer the court either sustains or overrules the demurrer generally. It is of no consequence that the court may, in terms, overrule one or any number less than the whole of the assignments of error. The sustaining of any ground is as effectual as the sustaining of the demurrer generally. The court is not required to specify the particular ground or point of law in his ruling upon a demurrer where several substantial matters of law are stated, though it may be more convenient to the party demurring for the court to do so."

And again, the Supreme Court of Alabama, in the case of *Terry* v. *Allen,* 32 Southern, 664, lay down the same rule, as follows:

"Sustaining of one ground of demurrer to a complaint, though others are overruled, warrants final judgment against plaintiff, he not amending."

The presumption is always in favor of the decrees of a court being made upon proper ground, and error must always affirmatively appear before a reversal can be had. This principle was announced by our Supreme Court in the case of *Johnson* v. *Mullin,* 12 Ohio, 10. And in the case of *Warder et al Co.* v. *Jacobs,* 58 Ohio St., 77, the Supreme Court say:

"It is an established rule of reviewing courts that the error, for which a judgment may be reversed, must affirmatively appear on the face of the record."

The presumption is that the court, in passing upon the demurrer in this case, sustained the demurrer on the proper ground, that there was a misjoinder of parties, and the judgment could not be reversed unless it affirmatively appeared that it was only sustained on the other ground. For this reason the judgment of the court below must be affirmed.