185 So. 781

## STATE v. POWE.

### I Div. 320.

Court of Appeals of Alabama.

Jan. 10, 1939.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb and Silas ·C. Garrett, III, Asst. Attys. Gen., for the State.

Harry T. Smith & Caffey, of Mobile, for appellee.

SAMFORD, Judge.

An indictment was returned by the Grand Jury of Mobile County at its Spring Term, 1938, charging the defendant with the crime of perjury.

On the trial the defendant filed his motion to quash, setting forth 47 grounds, among them being the following:

"18. Because the Act of September ·13th, 1935, Acts of Regular Session of the Legislature, page 981, designating the time, each year, when the Board of Registrars shall sit in all counties in the State of Alabama having a population of not less than 100,000 nor more than 300,000, is, in effect, a special statute establishing a time during which the Board of Registrars of Mobile County, Alabama, is required to hold its meetings, which times are different from those provided for the meetings of other similar Boards in other counties, the legal effect of which necessarily is to differentiate between different citizens of Alabama who have resided in this state for the same length of time, according to the county in which they reside, and is, therefore, in violation of Section 190 of the Constitution of Alabama."

All of the other grounds of the motion to quash raised other objections to the indictment, not relating to the constitutionality of the Act upon which is based the prosecution in this case.

On the hearing, the court rendered the following judgment:

"Tuesday June 14th, 1938.

"State of Alabama
"Thornton v. S. B. Powe, alias Sam B. Powe, 20690

Perjury — Motion to quash indictment granted—defendant ordered discharged—State excepts and gives notice of appeal.

"This day in open court came the State of Alabama by its Solicitor and the defendant in his own proper person and with his attorney and defendant's motion filed June 9th, 1938, to quash the indictment in this case coming on to be heard and being argued by counsel and understood by the court; It is ordered and adjudged by the court that defendant's said motion filed June 9th, 1938, to quash the indictment in this case be and the same is hereby granted.

"And it is further ordered and adjudged by the court that the defendant be and he hereby is ordered discharged.

"And to which ruling of the court the State excepts and gives notice of appeal."

The appeal in this case is taken by the State, under Section 3239 of the Code of 1923, which reads as follows: "In all criminal cases when the act of the legislature under which the indictment or information is preferred is held to be unconstitutional, the solicitor may take an appeal in behalf of the state to the supreme court [or the court of appeals], which appeal shall be certified as other appeals in criminal cases; and the clerk must transmit without delay a transcript of the record and certificate of appeal to the supreme court."

The right of the State to a review in a criminal case is dependent upon the statutory authority, as indicated in the above quoted Section of the Code, and may not be enlarged or extended by judicial construction. State v. Hewlett, 124 Ala. 471, 27 So. 18. In the absence of a judgment of the trial court holding the Statute to be unconstitutional, this court would be without jurisdiction to pass upon the appeal. 17 C.J. 41 (3313) 4. This must be apparent from the record, or judgment, and cannot be otherwise supplied. 4 C.J. 39 (1612) 2.

The judgment of the court in the instant case gives no indication as to why the indictment was quashed; and, for this reason, we are remitted to a consideration of the pleadings. When so considered, we find many grounds set out in the motion which may have constituted the basis for the granting of the motion and the quashing of the indictment.

In order for the State to maintain an appeal in this case the burden rests upon it to present a record wherein the judgment of the lower court was based upon the unconstitutionality of the Statute, which was the basis of the prosecution and under the authority of which the indictment was preferred. This does not appear in this record; non constat, the decision in the lower court was based upon other grounds not involving the constitutionality of the Act of the Legislature hereinabove referred to.

The State is asking this court to take cognizance of, and to review, one ground of a motion to quash the indictment and to ignore 46 other grounds upon which the trial court based its judgment. Should we do this, and should hold the Act in question valid, such holding would result in a reversal of the case, but would not affect the ruling of the trial court on the motion to quash the indictment on grounds other than the single question considered here. The question, therefore, as to whether or not the Act is constitutional is moot. The cases of State v. Street et al., 117 Ala. 203–212, 23 So. 807; State v. Cecil, 216 Ala. 391, 113 So. 254; State v.

Parker, 5 Ala.App. 231, 59 So. 741, are cases in which the single question was presented to the Appellate Courts in such manner as to exclude a consideration of other grounds. Here we have a judgment of the trial court granting a motion to quash an indictment which said motion contains many grounds, without specifying or indicating that the motion was granted on the ground that the Act was unconstitutional.

It seems clear to us that the record does not show such a judgment as would entitle the State to an appeal under the Section of the Code hereinabove set out.

The appeal is dismissed.

Appeal dismissed.