10 So.2d 671

### STATE v. MARTIN.

8 Div. 87.

Court of Appeals of Alabama.

April 21, 1942.

Rehearing Denied May 12, 1942.

R. L. Almon, of Moulton, for appellee.

RICE, Judge.

An affidavit was made before Chas. E. Bragg, Judge of Probate and ex-officio Judge of the County Court of Lawrence County, charging appellant with the violation of "Section 3 of Fur Regulations, approved, proclaimed, and promulgated by Walter B. Jones, Director of Conservation of the State of Alabama, on Sept. 1, 1939." It was alleged therein that he "did take, catch, kill or attempt to take, catch, or kill, or did have in possession seventeen (17) muskrat furs, skins or pelts, on which there was at such time a closed season."

A warrant of arrest was duly issued, and executed, returnable to "Chas. E. Bragg, Judge of the County Court."

In the County Court appellant filed a demurrer to the affidavit, consisting of twenty-five grounds—at least one of which grounds was that "any act of the Legislature empowering, authorizing and directing Walter B. Jones, as Director of Conservation of the State of Alabama to approve, proclaim or promulgate any rule or regulation governing the conduct of any citizen of Alabama, is unconstitutional and void, in that the Legislature cannot delegate its law making powers."

The trial court entered the following order, to wit:

"This day came the State of Alabama, by its Solicitor, Jas. P. Miller, who prosecutes for the State of Alabama, and came also the defendant in his own proper person, and by attorney, whereupon the defendant files demurrers 1 to 25, said demurrers being considered by the court, the court is of the opinion that said demurrers are well taken and should be sustained.

"It is therefore, considered, ordered and adjudged by the court that said demurrers be and the same are hereby sustained.

"Whereupon the state says that it does not desire to go further."

This appeal by the State was then undertaken to be prosecuted under the provisions

Thos. S. Lawson, Atty. Gen., and L. I. Mooneyham, Asst. Atty. Gen., for appellant.

of Code 1923, § 3239, now Code 1940 Tit. 15, § 370; and is before us.

■ The right of the State to a review in a criminal case is dependent upon the statutory authority which is set out in the Code section cited in the next preceding paragraph, and may not be enlarged or extended by judicial construction. State v. Powe, 28 Ala.App. 402, 185 So. 781, citing State v. Hewlett, 124 Ala. 471, 27 So. 18.

■ In the absence of a judgment of the trial court holding the statute to be unconstitutional, this court would be without jurisdiction to pass upon the appeal. State v. Powe, supra. This must be apparent from the record, or judgment, and cannot be otherwise supplied. Id.

Here, there were twenty-five grounds of the demurrer interposed to the affidavit upon which the prosecution rested. Many of these grounds appear to us to be well taken—and this without any reference to the unconstitutionality vel non of the statute authorizing the rule or regulation alleged to have been violated.

■ In order for the State to maintain an appeal in this case the burden rests upon it to present a record wherein the judgment of the lower court was based upon the unconstitutionality of the statute, which was the basis of the prosecution and under the authority of which the affidavit was, in the ultimate, rested.

■ This does not appear in this record. For all we can say, the decision in the lower court was based upon other grounds not involving the constitutionality of the Act of the Legislature hereinabove referred to.

■ The above, because if the affidavit is subject to any one of the grounds of demurrer assigned, and the judgment (as here) sustaining the demurrer is not limited to any particular ground, the court will not be put in error for sustaining the demurrer. See Louisville & Nashville R. R. Co. v. Wilson, 162 Ala. 588, 50 So. 188; Watson v. Jones Brothers, 121 Ala. 579, 25 So. 720; Terry et al. v. Allen Bros. 132 Ala. 657, 32 So. 664; and State v. Powe, 28 Ala. App. 402, 185 So. 781.

It seems clear to us that the record does not show such a judgment as would entitle the State to an appeal under the section of the Code hereinabove set out.

The appeal is dismissed.

Appeal dismissed.