10 So.2d 673

## STATE v. MARTIN.

### 8 Div. 190.

Supreme Court of Alabama.

June 18, 1942.

Rehearing Granted Nov. 19, 1942.

**466**

Thos. S. Lawson, Atty. Gen., and L. L. Mooneyham, Asst. Atty. Gen., for the petition.

R. L. Almon, of Moulton, opposed.

GARDNER, Chief Justice.

Upon reconsideration of this case, the majority of the Court have reached the conclusion the opinion of the Court of Appeals upon the matter of construction of Title 15, § 370, Code 1940, granting the right of appeal to the state in criminal cases, wherein a statute has been ruled unconstitutional, is in harmony with the principle announced in State v. Hewlett, 124 Ala. 471, 27 So. 18, which latter case was followed by the Court of Appeals in State v. Powe, 28 Ala.App. 402, 185 So. 781. We, therefore, conclude the rehearing should be granted, the judgment of reversal set aside and the writ of certiorari denied.

Rehearing granted. Writ denied.

BOULDIN, BROWN, and LIVINGSTON, JJ., concur.

THOMAS and FOSTER, JJ., dissent.

LAWSON, J., not sitting.

THOMAS, Justice (dissenting).

On original hearing the petition for certiorari to the Court of Appeals was granted. An adverse judgment is now rendered on the granting of the application for rehearing. The original opinion of the writer which follows is my dissent. The reporter will set out the affidavit, the several grounds of demurrer, and the judgment of the lower court in his report of this case.

This is a petition for certiorari to review and revise the opinion of the Court of Appeals. It is stated that the appellee was arrested in Lawrence County under a warrant issued from the county court, charging him with violation of the game law in that

he had possession on September 16, 1939, of seventeen muskrat furs, skins or pelts, contrary to Section 3 of Fur Regulations, approved and promulgated by the Director of Conservation of the State of Alabama on September 1, 1939. When the case was called for trial on August 9, 1940, the appellee filed a demurrer assigning several grounds, the eighteenth and nineteenth of which challenged the constitutionality of the statute. The court entered a general order sustaining the demurrers.

It is an established rule in this jurisdiction that where a pleading is subject to any one of the grounds of demurrer assigned to it, and the judgment sustaining the demurrer is not limited to any particular ground, the court will not be put in error for sustaining the demurrer even though some of the grounds assigned are untenable. Louisville & Nashville R. Co. v. Wilson, 162 Ala. 588, 602, 50 So. 188; Denton v. Alabama Cotton Co-Op. Ass'n, Inc., Ala.App., 7 So.2d 504.[1] The result or corollary to this rule is that the sustaining of a demurrer generally means that the court resolved every legal issue included in some of the grounds of demurrer in favor of the demurrant, and that the pleading is bad for any one or all of the grounds assigned. This result follows for the reason that a demurrer is regarded as a unit. 49 Corpus Juris p. 418, § 531. Where the pleading is subject to no one of the several grounds of demurrer, and the judgment sustaining it is not limited to any particular ground, the court must be held to have considered all grounds assigned thereto.

The reviewing court is not required to cast about to find or to speculate as to which of the grounds the trial court may have erroneously acted upon. In a case like this it is as rational to conclude that the trial court acted upon the one as upon the other ground of demurrer—to have acted upon all as upon some of the grounds. This in effect is a disapproval of the rule of State v. Powe, infra, touching the state's right of appeal under the statute now to be considered.

As to the right of the state to appeal under the statute [Code 1940, Tit. 15, § 370], it is held that appellate courts are limited to a consideration of the constitutionality of the statute in question, and if the statute is constitutional, the judgment declaring the unconstitutionality must be reversed, although the indictment might be bad for other reasons. State v. Cecil, 216 Ala. 391, 113 So. 254; State v. Street, 117 Ala. 203, 23 So. 807; State v. Parker, 5 Ala.App. 231, 59 So. 741.

It is likewise declared that the legislature may empower appointed agencies and bureaus to make reasonable rules and regulations for the proper administration and enforcement of the law. Parke et al. v. Bradley, State Treasurer, 204 Ala. 455, 458, 86 So. 28 (health regulations); Skrmetta v. Alabama Oyster Commission, 232 Ala. 371, 168 So. 168 (rules of Oyster Commission); Franklin v. State, 232 Ala. 637, 169 So. 295 (milk board regulations); Heck, State Comptroller v. Hall et al., 238 Ala. 274, 282, 190 So. 280 (the personnel board case); Brammer et al. v. Housing Authority of Birmingham, 239 Ala. 280, 283, 195 So. 256 (housing acts); West et al. v. State, 242 Ala. 369, 6 So.2d 436 (rules and regulations of Conservation Commission). In State v. Vaughan, Ala.App., 4 So.2d 5 [2] and Id., 241 Ala. 628, 4 So.2d 9, the appeal was by the state. In the foregoing cases the appeals were by the aggrieved parties. However, the statute is broad enough to cover appeals by a defendant or by the state. It is in the following language: " § 370. In all criminal cases when the act of the legislature under which the indictment or information is preferred is held to be unconstitutional, the solicitor may take an appeal in behalf of the state to the supreme court, which appeal shall be certified as other appeals in criminal cases; and the clerk must transmit without delay a transcript of the record and certificate of appeal to the supreme court."

That is to say, the statute gives the state the right to take an appeal in a criminal case when the statute under which the prosecution was started has been declared unconstitutional. In this case, it is the act of the legislature (March 14, 1939), creating the Department of Conservation and empowering the director of conservation with authority to make and promulgate reasonable rules and regulations, which was declared unconstitutional. Since the constitutionality of the act was considered and held to be unconstitutional by the ruling of the trial court on the demurrer, the state was entitled to take this appeal.

Adverting to the foregoing decisions on reasonable rules and regulations of a state agency, it is established that the legislature

---

may empower governmental agencies and bureaus with the authority to make reasonable rules and regulations for the proper administration of the law as set out in the act creating such agencies and bureaus. These cases hold that the power to make rules and regulations is purely administrative and not a delegation of legislative authority. In Heck, State Comptroller v. Hall, supra, in which the constitutionality of the act creating the Merit System was attached, among other things, for the reason that it was unconstitutional in that it was given legislative authority for the purpose of making rules and regulations, the question was considered. In passing upon this feature of the case, this court held that the proper authorities were empowered to make rules and regulations and that such authorities ·were administrative and not legislative and that such authority was not offensive to our Constitution. A similar holding was made in Franklin v. State, supra, wherein the Alabama State Milk Control Board was involved.

In the recent case of State v. Vaughan, Ala.App., 4 So.2d 5;[2] Id., 241 Ala. 628, 4 So.2d 9, this court held that the Department of Conservation could make reasonable rules and regulations and in that case the state was the appellant. It was affirmed for the reason that the Department of Conservation had exceeded its authority in adopting rule seven. Nowhere do we find that this court has held that the Department of Conservation was without authority to make a reasonable rule or regulation. The same is true in the recent case of West et al. v. State, supra.

The contention of the appellee is without merit as far as the Department of Conservation is concerned in having the power to make reasonable rules and regulations here under consideration.

The affidavit to which the demurrer was sustained was sufficient under the act creating the department and the rule in question duly promulgated by the director ·thereof and it was a reasonable rule and the affidavit duly charged the violation of the law. The effect of sustaining of demurrer (there being no other sufficient ground to support the ruling) was to hold the rule duly made and promulgated under the act as unconstitutional. General Acts 1935, p. 632, General Acts 1939, p. 255, Code 1940, T. 8, §§ 15, 17 et seq.

Judge Rice has followed the ruling in State v. Powe, 28 Ala.App. 402, 185 So. 781. This case was not considered or approved by this court. The rule there held that the right of the state "to review in a criminal case is dependent upon statutory authority, and may not be enlarged or extended by judicial construction. Code 1923, § 3239 [Code 1940, Tit. 15, § 370]." And further, that "The state to maintain an appeal in a criminal case must present a record wherein the judgment of the lower court was based upon the unconstitutionality of the statute, which was the basis of the prosecution and under the authority of which the indictment was preferred. Code 1923, § 3239 [Code 1940, Tit. 15, § 370]."

It is our view that the Powe case, supra, is too strict in its application of Code 1940, Tit. 15, § 370. The effect is to prevent the state from enjoying the benefits of that enactment as contemplated by the legislature in that connection.

In the opinion of the writer, the writ of certiorari should be granted.

FOSTER, J., concurs.

