54 So.2d 638

**STATE v. PIKE.**

**8 Div. 79.**

Court of Appeals of Alabama.
Oct. 23, 1951.

Si Garrett, Atty. Gen., and A. J. Harris, Asst. Atty. Gen., for appellant.

Scruggs & Scruggs, Guntersville, for appellee.

HARWOOD, Judge.

In the County Court of Marshall County a complaint was filed against J. L. Pike attempting to charge him with the violation of two separate legislative acts pertaining generally to the protection of certain animals. Sections 86 and 87, as amended, Title 8, Code of Alabama 1940.

The complaint, omitting the formal parts, charges that Pike "did hunt, or attempted to hunt fur bearing animals during the closed season, or did between sunset and daylight the following day did attempt to catch furbearing animals with a gun, against the peace and dignity of the State of Alabama."

A demurrer containing 24 grounds was interposed to this complaint, and was by the court sustained. The ground or grounds on which the demurrer was sustained was not stated in the judgment entered by the court.

In his brief filed in this cause the Attorney General states:

"The demurrers, which are set out in the transcript, for all practicable purposes, may be grouped into four main objections by Defendant as follows:

"1. The warrant itself is defective as being so uncertain and indefinite that same charges no offense.

"2. The acts of Defendant, as set forth in the warrant, do not constitute a violation of law.

"3. The amendment to the law, which is the basis of the warrant, was illegally enacted by the 1949 regular session of the Alabama Legislature.

"4. The Director of Conservation is without authority to designate which animals in Alabama are fur bearing animals."

The above summation accurately states the basis of the demurrer.

█ In criminal cases the State is permitted an appeal only when an act of the legislature under which an indictment or information is preferred is held by the lower court to be unconstitutional. Section 37, Title 15, Code of Alabama 1940.

█ We pretermit consideration whether any of the grounds of the demurrer actually question the constitutionality of the acts in question, for among the 24 grounds of the demurrer are many which question the sufficiency of the complaint on various other grounds. Several of these grounds appear to be well taken, and the complaint on its face is obviously defective in that the general statutes under which it is drawn are meaningless until implemented by regulations promulgated by the Commissioner of Conservation under the powers conferred on him by Section 21, Title 8, Code of Alabama 1940. Thus if any offenses arose out of the acts charged to appellant they resulted solely from violations of regulations promulgated by the Commissioner of Conservation.

Under such circumstances a complaint which fails to charge that the acts complained of were done in violations of rules and regulations. duly promulgated by the proper authority under the provisions of the law conferring on him such power fails to charge any offense. Brown v. State, 32 Ala.App. 246, 24 So.2d 450, and cases cited therein.

We have mentioned the above merely to illustrate the basis which compels a dismissal of this appeal.

█ In order for the State to maintain this appeal the burden rests upon it to present to this court a record wherein the judg-

ment of the lower court was based solely upon the unconstitutionality of a statute. Here there are fifteen or twenty grounds questioning this complaint, which by no stretch of the imagination could be considered as involving any constitutional questions. As to the court's ruling on these grounds the State has no right of appeal. The existence of these other valid nonconstitutional grounds, at least one of which has been commented on above, results in rendering moot the question of whether the acts are or are not constitutional. State v. Powe, 28 Ala.App. 402, 185 So. 781.

This appeal is therefore due to be dismissed, and it is so ordered.

Appeal dismissed.