55 So.2d 354

**STATE v. GRAY.**

8 Div. 604.

Supreme Court of Alabama.

Nov. 15, 1951.

For opinion of Court of Appeals conforming to answer to the certified question see 55 So.2d 358.

BROWN, Justice.

In response to the certified question, "Does the State of Alabama have the right to an appeal in this cause under the provisions of Title 15, § 370, Code of 1940?", you are advised that we are not of opinion that the case as presented falls within the purview of said § 370 of the Code for the reason that the circuit court did not declare the statutes conferring on the department of conservation authority to make rules and regulations in connection with enforcement of certain statutes, unconstitutional. That question was not presented by the defendant's motion to quash. The motion was "granted on the ground that the regulation complained of is beyond the powers of the director of the department of conservation as set out and defined in Title 8, §§ 17 and 21 of the Code."

In State v. Martin, 30 Ala.App. 466, 468, 10 So.2d 671, 672, the Court of Appeals held, Rice, J., writing:

"The right of the State to a review in a criminal case is dependent upon the statutory authority which is set out in the Code section cited in the next preceding paragraph, and may not be enlarged or extended by judicial construction. State v. Powe, 28 Ala.App. 402, 185 So. 781, citing State v. Hewlett, 124 Ala. 471, 27 So. 18.

"In the absence of a judgment of the trial court holding the statute to be unconstitutional, this court would be without jurisdiction to pass upon the appeal. State v. Powe, supra. This must be apparent from the record, or judgment, and cannot be otherwise supplied. Id.

"Here, there were twenty-five grounds of the demurrer interposed to the affidavit upon which the prosecution rested. Many of these grounds appear to us to be well taken—and this without any reference to the unconstitutionality vel non of the statute authorizing the rule or regulation alleged to have been violated.

"In order for the State to maintain an appeal in this case the burden rests upon it to present a record wherein the judgment of the lower court was based upon the unconstitutionality of the statute, which was the basis of the prosecution and under the authority of which the affidavit was, in the ultimate, rested.

"This does not appear in this record. For all we can say, the decision in the lower court was based upon other grounds not involving the constitutionality of the Act of the Legislature hereinabove referred to.

"The above, because if the affidavit is subject to any one of the grounds of demurrer assigned, and the judgment (as here) sustaining the demurrer is not limited to any particular ground, the court will not be put in error for sustaining the demurrer. See Louisville & Nashville R. R. Co. v.

Wilson, 162 Ala. 588, 50 So. 188; Watson v. Jones Brothers, 121 Ala. 579, 25 So. 720; Terry et al. v. Allen Bros., 132 Ala. 657, 32 So. 664; and State v. Powe, 28 Ala.App. 402, 185 So. 781.

"It seems clear to us that the record does not show such a judgment as would entitle the State to an appeal under the section of the Code hereinabove set out.

"The appeal is dismissed.

"Appeal dismissed."

This court in reviewing that decision on certiorari first concurred in the opinion written by Justice Thomas, reversing the Court of Appeals, but on application for rehearing granted the same and approved the holding of the Court of Appeals and denied the writ. Justice Thomas filed his opinion as a dissent. Chief Justice Gardner, writing observed: "Upon reconsideration of this case, the majority of the Court have reached the conclusion the opinion of the Court of Appeals upon the matter of construction of Title 15, § 370, Code of 1940, granting the right of appeal to the state in criminal cases, wherein a statute has been ruled unconstitutional, is in harmony with the principle announced in State v. Hewlett, 124 Ala. 471, 27 So. 18, which latter case was followed by the Court of Appeals in State v. Powe, 28 Ala.App. 402, 185 So. 781. We, therefore, conclude the rehearing should be granted, the judgment of reversal set aside and the writ of certiorari denied." State v. Martin, 243 Ala. 464, 10 So.2d 673, 675.

The case last above cited is the latest utterance of this court on that question and it is in harmony with previous decisions back to and including State v. Hewlett, supra, and said statute has been brought forward into the several codes since that date.

Question answered.

FOSTER, SIMPSON, STAKELY and GOODWYN, JJ., concur.

LIVINGSTON, C. J., and LAWSON, J., dissent.

LAWSON, Justice (dissenting).

The judgment from which the State seeks appeal is as follows:

"On this the 20th day of September, 1950, comes the State by its Solicitor, and the defendant in his own proper person and by attorney. Defendant files Motion to Quash the Affidavit and Solicitor's information. It is therefore ordered and adjudged by the Court that the defendants motion be and the same is hereby granted on grounds that the regulation complained of is beyond the power of the Director of the Department of Conservation as set out and defined in Title 8 Section 17 and 21 of the Alabama Code.

"Question of Law having been reserved upon the trial of this case for the consideration of the Court of Appeals and the State having made known its desire to prosecute an appeal from this judgment. It is therefore ordered and adjudged by the Court that the defendant be held under the present bond pending said appeal."

Grounds 2 and 3 of the Motion to Quash read as follows:

"2. Because Section 17 of Title 8 of the Code of Alabama gives no authority to said Director of Conservation to promulgate or adopt such rule or regulation.

"3. Because Section 21 of the Code of Alabama of 1940 only authorizes the making of rules and regulations by said Director of Conservation for the preservation, protection, propagation annd development of fish within the State of Alabama and gives no authority to fix the place by rule or regulation where fish may be caught or taken from the water of Guntersville Lake."

Section 370, Title 15, Code 1940, reads: "In all criminal cases when the act of the legislature under which the indictment or information is preferred is held to be unconstitutional, the solicitor may take an appeal in behalf of the state to the supreme court, which appeal shall be certified as other appeals in criminal cases; and the clerk must transmit without delay a transcript of the record and certificate of appeal to the supreme court."

It was held in West v. State, 242 Ala. 369, 6 So.2d 436, that when an act of the legislature expressly declares that the rules and regulations therein referred to shall have the force and effect of law, its status is as a public statute in this respect. § 21,

Title 8, Code 1940, provides in part as follows: "The director of conservation is authorized to make and promulgate such reasonable rules and regulations not in conflict with the provisions of the game and fish laws as he may deem for the best interest of the conservation, protection and propagation of wild game, birds, animals, fish and sea food, which rules and regulations shall have the force and effect of law; * * *."

It follows, therefore, in my opinion, that when the trial court declares a rule or regulation promulgated by the Director of Conservation to be unconstitutional, the State may appeal under the provisions of § 370, Title 15, Code 1940. See State v. Keel, 33 Ala.App. 609, 35 So.2d 625; State v. Vaughan, 30 Ala.App. 201, 4 So.2d 5, certiorari denied, 241 Ala. 628, 4 So.2d 9.

In holding that the Director of the Department of Conservation was without power to promulgate the regulation, the trial court, in my opinion, in effect held the regulation to be unconstitutional. I am of the opinion, therefore, that the State can appeal from the judgment rendered by the circuit court of Marshall County.

I do not think that this conclusion is in conflict with the holding of this court in State v. Martin, 243 Ala. 464, 10 So.2d 673, wherein approval was given to the conclusion reached by the Court of Appeals, Id., 30 Ala.App. 466, 10 So.2d 671. As I understand the opinion of the Court of Appeals, its holding that the State could not appeal was predicated on the fact that the action of the trial court in sustaining the demurrer was not shown to be based on those grounds of the demurrer raising the constitutional question.

I am constrained, therefore, to disagree with the holding of the majority. It is my opinion that the State has the right to appeal from the judgment rendered by the circuit court of Marshall County.

LIVINGSTON, C. J., concurs in the foregoing.