55 So.2d 358

### STATE v. GRAY.
8 Div. 78.

Court of Appeals of Alabama.
Nov. 20, 1951.

Si Garrett, Atty. Gen., and A. J. Harris, Asst. Atty. Gen., for appellant.

Claud D. Scruggs, Guntersville, for appellee.

CARR, Presiding Judge.

This cause is before this court on an appeal by the State of Alabama.

Under the provisions of Title 13, Section 88, Code 1940, we certified to the Supreme Court the following:

"The defendant below stood charged for the violation of Rule 8, page 23, Season 1949-1950, as published by the Department of Conservation of the State of Alabama. Said rule is:

" 'Seines, Nets, Trotlines, etc. Prohibited in Certain Areas of Marshall County.—The use of seines, nets, trotlines, setlines or snaglines in the following described area is hereby expressly prohibited:

" 'From the George Houston Bridge in Marshall County, Alabama, upstream to mile 362, which mile marker is located approximately one mile above the mouth of Short Creek and is on the North side of the main river navigation channel, said prohibited area also includes Spring Creek, North of the NC and St L Railroad Bridge, and North of the first road crossing on Short Creek, and all other embayments between the points herein indicated.

" 'The use of any net, seine, trotline, snagline or setline for the purpose of taking, catching or attempting to take or catch, fish within the area herein described is a violation of this regulation and such violation is punishable as provided for by law.

" 'Nothing in this regulation shall prohibit the taking, catching or the attempt to take or catch, fish within the area herein described by the use of a rod and reel or hook and line.'

"The accused filed the following motion:

" 'Comes the Defendant and moves the court to quash the affidavit against him on the following grounds, each separately and severally, to-wit:

" 'Because said affidavit is based upon Rule 8, Page 23, of the regulations relating to game, fish, seafood and fur bearing animals, Season 1949-1950, as published by the Department of Conservation of the State of Alabama and said Ruling 8 is null and void and of no effect for the following reasons, to-wit:

" '1. Section 4, the authority under which said rule and regulation was promulgated has no reference or application to the fish in the Tennessee River and on Guntersville Lake.

" '2. Because Section 17 of Title 8 of the Code of Alabama gives no authority to said Director of Conservation to promulgate or adopt such rule or regulation.

" '3. Because Section 21 [of Title 8] of the Code of Alabama of 1940 only authorizes the making of rules and regulations by said Director of Conservation for the preservation, protection, propagation and development of fish within the State of Alabama and gives no authority to fix the place by rule or regulation where fish may be caught or taken from the water of Guntersville Lake.

" '4. Because said rule or regulation as passed and adopted by said Director of Conservation is not a statewide rule or regulation and therefore is null and void and of no effect for the reason that he is not authorized to pass rules and regulations except those that apply to all public waters of the State of Alabama with reference to the preservation, protection, propagation and development of fish.

" '5. Because said rule or regulation was not passed, adopted or promulgated for the purpose of preservation, protection, propagation and development of fish but was passed for the sole purpose for placing a

restricted area within Guntersville Lake where people who wanted to use the same in that territory to ski may do so without having to watch out for floats and things of that kind in the water and was not passed for the preservation, protection, propagation and development of fish in the State of Alabama.'

"The minute entry is in this form:

" 'On this the 20th day of September, 1950, comes the State by its Solicitor, and the defendant in his own proper person and by attorney. Defendant files Motion to Quash the Affidavit and Solicitor's information. It is therefore ordered and adjudged by the Court that the defendants motion be and the same is hereby granted on grounds that the regulation complained of is beyond the power of the Director of the Department of Conservation as set out and defined in Title 8 Section 17 and 21 of the Alabama Code.'

"This appeal is by the State of Alabama and is based on the judgment of the court below as above set out.

"The judges of this court are in disagreement and unable to reach an unanimous conclusion on a question presented by this appeal. The style of the cause pending in this court is State of Alabama v. Carl C. Gray.

"Under the provisions of Title 13, Section 88, Code of Alabama 1940, the following abstract question is hereby certified to your court for an opinion as guidance to our court in said cause, vis.:

"Does the State of Alabama have a right to an appeal in this cause under the provisions of Title 15, Section 370, Code of Alabama 1940?

"As an aid in determining this inquiry the transcript in the case above captioned is herewith submitted."

In a majority opinion the Supreme Court, 256 Ala. 391, 55 So.2d 354, responded as follows:

"In response to the certified question, 'Does the State of Alabama have the right to an appeal in this cause under the provisions of Title 15, § 370, Code of 1940?', you are advised that we are not of opinion that the case as presented falls within the purview of said § 370 of the Code for the reason that the circuit court did not declare the statutes conferring on the department of conservation authority to make rules and regulations in connection with enforcement of certain statutes, unconstitutional. That question was not presented by the defendant's motion to quash. The motion was 'granted on the ground that the regulation complained of is beyond the powers of the director of the department of conservation as set out and defined in Title 8, §§ 17 and 21 of the Code.'

"In State v. Martin, 30 Ala.App. 466, 468, 10 So.2d 671, 672, the Court of Appeals held, Rice, J., writing:

" 'The right of the State to a review in a criminal case is dependent upon the statutory authority which is set out in the Code section cited in the next preceding paragraph, and may not be enlarged or extended by judicial construction. State v. Powe, 28 Ala.App. 402, 185 So. 781, citing State v. Hewlett, 124 Ala. 471, 27 So. 18.

" 'In the absence of a judgment of the trial court holding the statute to be unconstitutional, this court would be without jurisdiction to pass upon the appeal. State v. Powe, supra. This must be apparent from the record, or judgment, and cannot be otherwise supplied. Id.

" 'Here, there were twenty-five grounds of the demurrer interposed to the affidavit upon which the prosecution rested. Many of these grounds appear to us to be well taken—and this without any reference to the unconstitutionality vel non of the statute authorizing the rule or regulation alleged to have been violated.

" 'In order for the State to maintain an appeal in this case the burden rests upon it to present a record wherein the judgment of the lower court was based upon the unconstitutionality of the statute, which was the basis of the prosecution and under the authority of which the affidavit was, in the ultimate, rested.

" 'This does not appear in this record. For all we can say, the decision in the lower court was based upon other grounds

not involving the constitutionality of the Act of the Legislature, hereinabove referred to.

" 'The above, because if the affidavit is subject to any one of the grounds of demurrer assigned, and the judgment (as here) sustaining the demurrer is not limited to any particular ground, the court will not be put in error for sustaining the demurrer. See Louisville & Nashville R. R. Co. v. Wilson, 162 Ala. 588, 50 So. 188; Watson v. Jones Brothers, 121 Ala. 579, 25 So. 720; Terry et al. v. Allen Bros., 132 Ala. 657, 32 So. 664; and State v. Powe, 28 Ala.App. 402, 185 So. 781.

" 'It seems clear to us that the record does not show such a judgment as would entitle the State to an appeal under the section of the Code hereinabove set out.

" 'The appeal is dismissed.

" 'Appeal dismissed.'

"This court in reviewing that decision on certiorari first concurred in the opinion written by Justice Thomas, reversing the Court of Appeals, but on application for rehearing granted the same and approved the holding of the Court of Appeals and denied the writ. Justice Thomas filed his opinion as a dissent. Chief Justice Gardner, writing observed: 'Upon reconsideration of this case, the majority of the Court have reached the conclusion the opinion of the Court of Appeals upon the matter of construction of Title 15, § 370, Code of 1940, granting the right of appeal to the state in criminal cases, wherein a statute has been ruled unconstitutional, is in harmony with the principle announced in State v. Hewlett, 124 Ala. 471, 27 So. 18, which latter case was followed by the Court of Appeals in State v. Powe, 28 Ala.App. 402, 185 So. 781. We therefore, conclude the rehearing should be granted, the judgment of reversal set aside and the writ of certiorari denied.'—State v. Martin, 243 Ala. 464, 10 So.2d 673, 675.

"The case last above cited is the latest utterance of this court on that question and it is in harmony with previous decisions back to and including State v. Hewlett, supra, and said statute has been brought forward into the several codes since that date."

It follows that the appeal in this cause must be dismissed. It is so ordered.

Appeal dismissed.