McMILLAN, Judge.
The City of Fort Payne appeals from the circuit court’s dismissal of harassment charges against the defendant, Virgil Boul-din. The circuit court affirmed the municipal *884 court’s dismissal of the charges. According to the City of Fort Payne, the circuit court erred in holding that the harassment statute, § 13A-ll-8(a)(l)b, Ala.Code 1975, applied only to “fighting words” and that it did not apply to obscene language.
The record of the municipal court proceedings indicate the following. On February 11, 1997, Bouldin was sitting at a table in the DeKalb County library next to a 16-year-old girl. When he complimented the girl on her beauty, the girl responded with a “Thank you” and continued her reading. Shortly thereafter Bouldin asked the girl how old she was. When the girl responded that she was 16 years old, Bouldin replied that he had “been with lots of girls [her] age.” When the girl asked if he was talking about a long time ago, Bouldin responded, “No, recently.” The girl asked Bouldin if he was married. Boul-din responded that he was not and that even when he was, his wife could not please him, that he “always needed someone else to satisfy [him].” Bouldin asked the girl what she was working on. When the girl said that she was working on a report, Bouldin said that he was “in here to see how many orgasms a woman can have.” He further stated, “Well, once I had a woman have 20 orgasms.” At that time a librarian signaled for the girl, saying that she had something for her paper. After the girl got up, Bouldin left the library. Later that day, Bouldin pulled up next to the girl’s car at a Sonic drive-in restaurant. Bouldin then put on a heavy amount of cologne. After the girl complained to a waitress, who got his tag number, Bouldin drove away.
Bouldin was charged by the City of Fort Payne with violating § 13A-ll-8(a)(l)b, Ala.Code 1975, which provides, “A person commits the crime of harassment if, with intent to harass, annoy, or alarm another person, he or she ... [d]irects abusive or obscene language or makes an obscene gesture towards another person.” The municipal court, after listening to evidence, granted Bouldin’s motion to dismiss; the circuit court affirmed. This Court has not specifically applied the harassment statute to instances in which the language objected to is merely obscene and does not contain “fighting words.” See Robinson v. State, 615 So.2d 112 (Ala.Cr.App.1992). The City of Fort Payne argues that the statute should apply to obscene language as well as fighting words.
We are not able to address the applicability of the harassment statute, however, because none of the courts below held that the statute was unconstitutional. As this Court stated in City of Mobile v. Welch, 572 So.2d 1322, 1323 (Ala.Cr.App.1990):
“[W]ith the exception of certain pretrial appeals ... and habeas corpus cases, the State is not entitled to an appeal from a judgment in a criminal ease in the absence of a judgment of the trial court holding the statute under which the indictment or information was preferred to be unconstitutional. State v. Gautney, 344 So.2d 232 (Ala.Cr.App.1977); State v. Powe, 28 Ala. App. 402, 185 So. 781 (1939); State v. Cagle, 42 Ala.App. 344, 164 So.2d 512 (1964). See also § 12-22-91, Code of Alabama 1975.”
At each stage of the proceedings, the City of Fort Payne has attacked the applicability of the harassment statute rather than its constitutionality. No court has ruled in this case that the harassment statute is unconstitutional. It must be noted that the City of Fort Payne did not have the right to appeal to circuit court under Rule 30.1(b), Ala.R.Crim. P., because the municipal court likewise did not hold the harassment statute to be unconstitutional. Accordingly, the appeal is due to be dismissed.
APPEAL DISMISSED.
All judges concur.