This appeal presents a single material issue: whether the provisions of the Alabama Administrative Procedure Act, § 41-22-1
et seq., Ala. Code 1975 ("the AAPA"), apply to regulations issued by the Alabama Department of Conservation and Natural Resources ("the Department") providing that deer hunting in Alabama shall be permissible in certain portions of the state and for certain periods "by stalk hunting only." The Montgomery Circuit Court, in deciding whether to issue a judgment pursuant to the AAPA in favor of the Alabama Dog Hunters Association and Wayne Raybon ("the plaintiffs") and against the State, the Commissioner of the Department, and the Department's Advisory Board ("the defendants") that, among other things, would enjoin the defendants from enforcing those regulations, determined that the AAPA did not apply. We agree, and we affirm the circuit court's judgment.
For several decades, the Commissioner of the Department has had, among other things, the authority to "designate by *Page 1225 
name what animals shall be classed as game or fur-bearing animals and the time, manner, means and devices for taking same," to "fix open seasons during which game birds, game and fur-bearing animals may be taken," and to "regulate the manner, means and devices for catching or taking game fishes, game birds, game and fur-bearing animals." Ala. Code 1975, § 9-2-7(b); accord, Ala. Code 1940, tit. 8, § 17. The record developed in the circuit court reveals that for much of that time, the Department has maintained in force regulations pertaining to the times, places, and methods under which persons may lawfully hunt deer in Alabama. For example, an informal opinion issued in 1997 by the Attorney General indicates that the Department promulgated regulations for 1955-56 providing that in three counties and parts of a fourth county only stalk hunting would be permitted during parts of November; similarly, from November 10, 1960, to January 10, 1961, "stalk hunting only," with no use of hunting dogs, was permitted in one county and parts of another county under Department regulations. See Op. Att'y Gen. No. 98-00045 (1997).
The Alabama Legislature adopted the AAPA in 1981 as "a minimum procedural code for the operation of all state agencies when they take action affecting the rights and duties of the public." Ala. Code 1975, § 41-22-2(a). In pertinent part, the AAPA has, since its inception, defined the term "rule" generally as "[e]ach agency regulation, standard, or statement of general applicability that implements, interprets, or prescribes law or policy." Ala. Code 1975, § 41-22-3(9). Despite that general definition, subsection (9)g. of § 41-22-3, as originally adopted, excluded from the scope of the term "rule" five specific classes of rules or actions that might otherwise be classified as "rules" under the AAPA; those five classes of rules or actions excluded under the AAPA included attorney-general opinions, rules governing prison inmates and parolees, and advisory opinions issued by the Alabama Ethics Commission. In 1986, the Legislature amended the AAPA so as to exempt a sixth class of rules or actions from the definition of "rule," i.e., "any rules or actions relating to . . . [h]unting and fishing seasons, or bag or creel limits promulgated by the Commissioner of the Department of Conservation and Natural Resources." Ala. Code 1975, § 41-22-3(9)g.6.
Inclusion of particular administrative actions within, or exclusion of such actions from, the scope of the term "rule" has particular legal ramifications. For example, the AAPA generally mandates that public notice and opportunity for comment must precede the adoption of a "rule" by an administrative agency.See Ala. Code 1975, § 41-22-5. The AAPA also provides, among other things, that under certain circumstances the enforcement of a "rule" may be "stayed by injunctive relief" in the Montgomery Circuit Court. Ala. Code 1975, § 41-22-10. Finally, on the petition of a person substantially affected by an agency's "rule," that agency may issue a declaratory ruling, subject to judicial review, concerning the validity or applicability of that "rule." Ala. Code 1975, § 41-22-11.
In 1997, the Commissioner of the Department asked the Attorney General whether the Department could "establish a `stalk hunting only' season for the hunting of deer as a regulation exempt from" the AAPA's definition of "rule" in light of Ala. Code 1975, § 41-22-3(9)g.6. The Attorney General responded in the affirmative.See Op. Att'y Gen. No. 98-00045 (1997). In that opinion, the Attorney General noted the Department's historic practice of establishing hunting seasons in relation to permissible hunting methods, such as "by *Page 1226 
stalk hunting only," and indicated that classifications of species and types of hunting "are part and parcel of the hunting season and are inherently intertwined." Id. The Attorney General opined that "a deer season established for `stalk hunting only' constitutes a rule or action relating to a hunting or fishing season or bag or creel limit" so as to be exempt from the AAPA's definition of "rule." Id.
The record indicates that in March 2003 the Department's Advisory Board, a 13-member body whose functions include "advis[ing] . . . the Commissioner of Conservation and Natural Resources concerning any matter relating to the functions and duties of the Department" (Ala. Code 1975, § 9-2-15), met and heard presentations concerning the practice of hunting deer with the aid of dogs, a practice that had generated "numerous complaints" to the Department. According to the Commissioner of the Department, the use of dogs in hunting deer has caused a number of problems, such as instances when dogs have trespassed upon real property adjacent to where hunting is permitted and instances when certain hunters have used dogs to chase both deer bucks and does toward hunters stationed in motor vehicles, after which the hunters indiscriminately and wildly shoot at the fleeing deer.[1]
The record further indicates that after the March 2003 meeting of the Advisory Board, two of its members investigated deer-hunting activities involving dogs within their geographic districts and determined that in all or parts of six counties (Butler, Coffee, Covington, Franklin, Lamar, and Marion) the use of dogs in hunting had become so dangerous as to warrant preventing their continued use. At the next meeting of the Advisory Board, a majority of the board recommended to the Commissioner of the Department that he adopt regulations providing for stalk hunting only during deer-hunting seasons in those areas. The Commissioner agreed to that recommendation, and he issued Rule 220-2-.01.02, Ala. Admin. Code,[2] titled "2003-2004 Hunting Seasons", which incorporated that recommendation, in the belief that the seasons contained in that regulation would best serve the general public, including landowners and lawful hunters, and the deer resources of the State of Alabama.
In August 2003, the plaintiffs filed a complaint in the Butler Circuit Court requesting, among other things, that that court review the "adoption of . . . regulations . . . by the Department of Conservation" and hold in abeyance all of the Department's "regulations, findings and decisions." The defendants moved for a dismissal of the action or, in the alternative, for a transfer of venue; the case was then transferred to the Montgomery Circuit Court. The plaintiffs then amended their complaint so as to seek a declaratory judgment under Ala. Code 1975, § 41-22-10, concerning the validity of, among other things, Rule 220-2-.01.02; the plaintiffs later sought an injunction preventing the enforcement of that regulation. The defendants filed a motion to dismiss, alleging, among other things, that the trial court lacked subject-matter jurisdiction; that motion was accompanied by an affidavit of the Commissioner, an affidavit of the Department's deputy legal counsel, and a copy of the 1997 *Page 1227 
opinion of the Attorney General to the Commissioner.
The circuit court, after an ore tenus hearing, entered a judgment dismissing the case. The circuit court noted in its judgment that the plaintiffs had agreed at the hearing that the only action they were challenging was the adoption of Rule 220-2-.01.02 and that the parties had stipulated that if the AAPA did not apply to the regulation, the circuit court had no "jurisdiction" (i.e., had no power to grant the relief requested by the plaintiffs);[3] that court opined that in forbidding dog hunting in certain counties, the Department had "effectively set the season for th[at] type of hunting at zero weeks in those counties" and that the AAPA did not apply because the Department's "setting of seasons is exempt" from the AAPA.
On appeal to this court, the plaintiffs contend that the trial court erred in dismissing the case and thereby denying the relief they requested. Claiming that their rights to hunt and fish are "guarantee[d]" under Amendment 597 to the Alabama Constitution of 1901, which provides that "[a]ll persons shall have the right to hunt and fish in this state in accordance with law and regulations," and comparing § 41-22-3(9)g.6., Ala. Code 1975, with § 9-2-7, Ala. Code 1975, they assert that the Legislature intended to deem Department regulations pertaining to closing geographic areas to hunting as "rules" within the scope of the AAPA. However, the plaintiffs' interpretation of those statutes is, as we have noted, contrary to that of the Attorney General, whose opinion, although not binding, is persuasive. See Water Works Sewer Bd. v. Consolidated Publ's, Inc., 892 So.2d 859, 867 n. 5 (Ala. 2004). Moreover, the Department's interpretation of those statutes as permitting it to limit, in the public interest, how certain animals in portions of Alabama may be hunted to certain methods, in connection with its general regulation of hunting seasons, is "reasonable in light of the legislature's revealed design" so as to warrant giving that administrative interpretation "controlling weight." See QCC, Inc. v. Hall,757 So.2d 1115, 1119 (Ala. 2000).
Moreover, the plaintiffs' reliance upon Ex parte South AlabamaSeafood Association, 627 So.2d 406 (Ala. 1993), and State v.Gray, 36 Ala.App. 289, 55 So.2d 358 (1951), is misplaced. InSouth Alabama Seafood, the Alabama Supreme Court upheld a trial court's determination that the Department had erred in determining that only part of Heron Bay was a "natural oyster reef" under Ala. Code 1975, § 9-12-21; no question was presented in that case concerning the regulatory authority of the Department. In Gray, a trial court granted a motion to quash criminal proceedings against a fisherman accused of using particular equipment to catch fish in portions of Marshall County; however, the State's appeal from that motion was dismissed on procedural grounds, and no opinion was expressed concerning the correctness of that ruling or concerning the scope of the Department's regulatory authority. Neither case compels a conclusion that the Department's regulation of hunting methods and times, including its prohibition of dog hunting in certain geographic areas, does not "relat[e] to . . . [h]unting and fishing seasons" so as to be exempt from the AAPA's definition of "rule" pursuant to Ala. Code 1975, § 41-22-3(9)g.6. *Page 1228 
We conclude that the circuit court correctly ruled that it did not have the authority under the AAPA, as it currently reads,[4] to enjoin the defendants from enforcing Rule 220-2-.01.02 because that regulation is not a "rule" under the AAPA that may properly be "stayed by injunctive relief" pursuant to § 41-22-10, Ala. Code 1975. The judgment is affirmed.
AFFIRMED.
All the judges concur.
[1] The record indicates that certain citizens have reported to the Commissioner of the Department that bullets have been fired into their homes as a result of that practice.
[2] That regulation is referred to by the parties as "Regulation No. 2003-WFF-12."
[3] The parties' and the circuit court's use of the term "jurisdiction" is imprecise; under Ala. Code 1975, § 6-6-220 et seq., the circuit court certainly had the jurisdiction to declare whether the plaintiffs were entitled to relief under the AAPA. The essential question presented and adjudicated in this case is instead whether the AAPA may properly be said to afford the plaintiffs a substantive remedy.
[4] We note that counsel for the plaintiffs, who is also a member of the Alabama House of Representatives, cosponsored legislation in the most recent regular session of the Legislature that would have, among other things, repealed Ala. Code 1975, § 41-22-3(9)g.6; restructured the Department's Advisory Committee; and required approval of all proposed Department regulations by the House Agricultural, Forestry, and Natural Resources Committee before they could become effective. House Bill 788, 2004 Regular Session.