# Chancey *v.* The State.

*Failure to Work Road.*

(Decided Feb. 9, 1911. 54 South. 522.)

1. *Statute; Local Laws; Punishment.*—Section 10, local acts 1907, p. 509, is not in contravention of subdivision 14, section 104, constitution 1901, since such section provides for the punishment of a misdemeanor which is not a crime within the meaning of the constitutional section referred to.

2. *Officers; De Facto Officers.*—A road overseer acting under and by virtue of an appointment by the proper officials is a de facto officer and his acts are valid as to the public and third persons, notwithstanding the irregularities in his bond.

3. *Highways; Road Duty; Warning; Notice.*—The appointment of one authorized by a road overseer to warn persons to work the road as authorized by section 5805, code 1907, not having been questioned at the time of the warning objection cannot be raised on the trial of the person for failure to work the road, that the person did not, as a part of the warning, notify such person that he was acting by authority of the overseer.

4. *Same; Form of Notice.*—Verbal notice is sufficient as a warning to one to appear and work the public road; written warning need not be given.

5. *Same; Time of Notice; Computation.*—Where notice is served on a person on the 28th day of the month warning him to appear at 8 o'clock on the 30th of the month, such person has the two days notice required by the statute, when computed as required by section 11, Code 1907.

6. *Same; Excuse for Non Performance.*—The right to designate the part of the road which shall be worked by any given person is a matter to be determined by the overseer, hence, a person warned to work the road cannot excuse himself for non-performance on the claim that the road in front of his own house was impassable, and that he could not be summoned to work elsewhere so long as that condition obtained.

APPEAL from Pike Law and Equity Court.

Heard before Hon. T. L. BORUM.

Robert Chancey was convicted for failure to perform road duty after warning, under the local law for Pike county, and he appeals. Affirmed.

FOSTER, SAMFORD & CARROLL, for appellant. No brief reached the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State.

SAYRE, J.—The defendant was convicted of failing to do road duty under a local statute for Pike county. Section 9 of this act is as follows: "That the general laws now in force in Alabama with reference to the mode of warning hands to work on the public roads, the length of notice to be given, and the kind of tools and implements to be brought by the hands, and as to defaulters in road working, and the prosecution and punishment of the same, shall apply in all cases in this county and under this law, except as herein otherwise provided." Section 10 provides "that if any person warned who is liable to road duty fails to attend, or send an acceptable substitute, with the proper tools, agreeable to the notice; or fails faithfully to perform his duty * * * shall be deemed guilty of a misdemeanor, and on conviction thereof, shall be fined not less than one nor more than $50.00 for each offense," etc. The indictment follows the language of section 7737 of the

Code, and sufficiently charged an offense under the local law.

There seems to have been no foundation whatever for the demurrer which alleged that section 62 of the Constitution of 1901 had not been complied with in the passage of the act. The Journals of the House and Senate (H. J. pp. 1771, 1855; S. J. pp. 1171, 1850, 1853) show that in each house the bill was referred to a standing committee, acted upon by the committee in session, and returned therefrom.

Nor was the point well taken that the act is forbidden by subdivision 14 of section 104 of the Constitution. By the provision referred to, it is commanded that the Legislature shall not pass a local law fixing the punishment of crime. By the statute in question the failure to work the roads is made a petit misdemeanor. Both crimes and misdemeanors are defined as acts committed, or omitted, in violation of a public law, either forbidding or commanding them under penalty. In common usage, however, small faults and omissions are referred to as misdemeanors, while offenses of deeper dye and more attrocious character are called crimes. That the makers of the Constitution had this common usage in mind when framing subdivision 14 of section 104 is made clear by an inspection of the journal of the convention. This subdivision was reported to the convention in this form: "Fixing the punishment of crimes or misdemeanors." On motion the words "or misdemeanors" were stricken, and, as so amended, the subdivision was adopted.—Journal Cons. Con. p. 677. The act in question is unaffected by the subdivision.

Mere irregularities in the overseer's bond could not avail the defendant. The overseer was acting under and by virtue of an appointment by the court of county commissioners as provided in the local road law for

the county of Pike.—Loc. Acts 1907, p. 506. The states'
evidence showed that McLeod was at least a de facto
overseer at the time defendant was warned out for road
duty. Being a de facto officer, his acts were valid as
to the public and third persons, because public affairs
could not be carried on upon any other principle.—
*Thompson v. State*, 21 Ala. 48. The statue (section
5805 of the Code), which is a part of the road law in
effect in Pike county, authorizes the overseer to appoint
some other person to warn out hands to work on the
public roads. In this case the state's evidence went to
show that the overseer had appointed one Huggins, and
that Huggins had warned defendant in person verbally
and in writing. No question of Huggins' appointment
or authority was made at the time of the warning, nor
is any now made. The objection is that Huggins did
not make a notification that he was acting by authority
of the overseer a part of the warning. The warning im-
plied an assertion of authority to give it. Huggins' ap-
pointment having been proved, and no question made of
it at the time, the objection taken at the trial was prop-
erly overruled. Nor was it necessary that the notice
in writing should have been produced. The verbal no-
tice served the purpose of the law. The written notice
was mere supererogation. Notice was served, accord-
ing to the state's contention, on April 28th, and requir-
ed the defendant to appear for road duty on April
30th at 8 o'clock a. m. The statute requires that per-
sons warned to work on the roads shall have two days'
notice. The defendant had two days' notice.—Code, §
11; *Garner v. Johnson*, 22 Ala. 494.

The defendant had no right to designate those parts
of the road which should be worked by him. That was
a matter to be determined by the overseer on his own
responsibility. Defendant's effort to show by way of

[Woodson v. The State.]

excuse for his default that the road in front of his own house was impassable amounted to an assertion that he could not be summoned to work elsewhere as long as that condition obtained. The law gives no warrant for this position, and the trial court correctly sustained the state's objections.

Finding no error in the record, the judgment will be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SOMERVILLE, JJ., concur.