(113 So. 254)

STATE v. CECIL.　(6 Div. 933.)

Supreme Court of Alabama.　April 7, 1927.

Rehearing Denied June 15, 1927.

1. Criminal law ⊚⇒1134(8)—On appeal by state after acquittal, constitutionality of statute involved is only question before Court (Code 1923, § 3239).

On appeal by state under Code 1923, § 3239, after acquittal on charge of violating statute, question of constitutionality of statute only is before court.

2. Licenses ⊚⇒5—Provision of Agricultural Code, requiring license of persons selling farm produce on commission, is regulatory in character and referable to police power (Agricultural Code, art. 23, § 9).

Agricultural Code, § 9, art. 23 (Acts 1923, p. 466), requiring license of persons receiving, selling, or offering to sell farm produce on commission, is regulatory in character, referable to the police power, and not a revenue measure referable to the taxing power.

3. Commerce ⊚⇒65—Provision of Agricultural Code for license of persons selling produce on commission does not and could not constitutionally extend to interstate commerce (Agricultural Code, art. 23, § 9).

Agricultural Code, art. 23, § 9 (Acts 1923, p. 466), requiring license of persons receiving, selling, or offering to sell farm produce on commission, does not and could not constitutionally extend to and include interstate commerce.

4. Constitutional law ⊚⇒48—If language warrants, act will be construed in manner to make it constitutional.

If its language warrants, an act will be so construed as to bring it wholly within constitutional power of Legislature.

Appeal from Circuit Court, Jefferson County.

Prosecution by the State of Alabama against Alex T. Cecil, for engaging in business without license. From a judgment for defendant, the state appeals. Transferred from Court of Appeals under Code 1923, § 7310. Affirmed.

Harwell G. Davis, Atty. Gen., and Jim Davis, Sol., and L. Herbert Etheridge, Asst. Sol., both of Birmingham, for the State.

The enactment of article 23 of the Agricultural Code, being for purposes of regulation, was an exercise of the police power of the state. Legislation will be presumed valid unless the contrary is made clearly to appear. Cooley, Taxation (4th Ed.) §§ 374, 1785; 12 C. J. 904, 920; Cooley's Const. Lim. (7th Ed.) p. 856; 5 R. C. L. "Commerce," § 12; 6 R. C. L. "Const. Law," § 196; Van Hook v. Selma, 70 Ala. 361, 45 Am. Rep. 85; County of Mobile v. Kimball, 102 U. S. 691, 26 L. Ed. 238; N. C. & St. L. v. Alabama, 128 U. S. 96, 9 S. Ct. 28, 32 L. Ed. 352; Smith v. Alabama, 124 U. S. 465, 8 S. Ct. 564, 31 L. Ed. 508; Gibson v. State, 214 Ala. 38, 106 So. 231; Lovejoy v. Montgomery, 180 Ala. 476, 61 So. 597; State v. Gullatt, 210 Ala. 452, 98 So. 373; Plumley v. Mass., 155 U. S. 476, 15 S. Ct. 154, 39 L. Ed. 223.

Nesbit & Sadler, of Birmingham, for appellee.

The statute here involved applies only to those engaged in intrastate business; otherwise it would be void. Lemke v. Farmers' Grain Co., 258 U. S. 50, 42 S. Ct. 244, 66 L. Ed. 458; Shafer v. Farmers' Grain Co., 268 U. S. 189, 45 S. Ct. 481, 69 L. Ed. 909.

BOULDIN, J. Appellee was convicted in the court of misdemeanors for engaging in business as a commission merchant of farm produce without a license, under article 23, § 9, of the Agricultural Code, Acts of 1923, p. 466.

On appeal to the circuit court, the cause was tried upon an agreed statement of facts.

The court found that defendant was engaged in an interstate business only; that article 23 requires a license to do an interstate business, but is unconstitutional in so far as relates thereto. The defendant was discharged.

The state takes the appeal under Code, § 3239, to review the ruling of the court declaring the statute unconstitutional as to

persons engaged solely in interstate commerce. The case is certified and transferred to this court under Code, § 7310.

[1] On such appeal we deal only with the constitutional question involved. The finding of facts by the court below is taken as correct. State v. Street, 117 Ala. 203, 23 So. 807.

To succeed on this appeal by the state, two things must appear:

. (1) That the statute requires a license of commission merchants selling farm produce exclusively in interstate commerce.

(2) That the statute, in that regard, does not contravene the interstate commerce clause of the federal Constitution.

The latter proposition is most stressed, and the one on which the state wants a pronouncement by this court.

Article 23, § 2, requires a license of all persons whose principal place of business is in any city or town of this state, before he shall "receive, sell or offer for sale on commission in this state any kind of farm produce," etc. The applicant shall satisfy the commissioner of his character, responsibility, and good faith. A license fee of $10 to $25 per annum is required.

Section 3 confers power on the commissioner, upon complaint, or on his own motion, to investigate "any transaction involving the solicitation, receipt, transportation, sale or attempted sale of farm produce on a commission basis, including the making of charges in selling, carting, or other services, the failure to make proper and true accounts and settlements at prompt and regular intervals, the making of false statements as to condition, quality or quantity of goods received or while in storage, the making of false statements as to market conditions, or the failure to make payments for goods received or other alleged injurious transactions, and for such purpose may examine the ledgers, books of accounts, memoranda or other documents of any commission merchant; but information relating to the general business of any such person, contained in such investigation and not relating to the immediate purpose thereof shall be deemed of a confidential nature by the commissioner. When a complaint is filed with the commissioner, he shall attempt to secure an explanation or adjustment;" failing this, he shall give notice, have a hearing, and render his decision, either dismissing the petition or specifying the facts which he deems established on the hearing.

Section 4 reads:

"The commissioner of agriculture and industries may decline to grant a license or may revoke a license already granted, where he is satisfied of the existence of the following cases or either of them: 1. Where false charges have been imposed for handling or services, or charges other than as by a schedule agreed on by the parties, or other than those customary in the trade; 2. where there has been a failure to account promptly and properly or to make settlements with intent to defraud; 3. where there have been false statements as to condition, quality or quantity of goods received or held for sale or commission; 4. where there have been false or misleading statements as to market conditions with intent to deceive; 5. where there have been combinations to fix prices below the market level; 6. where there has been a continual course of dealings of such nature as to satisfy the commissioner of inability of the commission merchant to properly conduct the business, or of an intent to deceive or defraud customers; 7. where the commission merchant directly or indirectly purchases the goods for his own account without prior authority therefor, or without notifying the consignor thereof."

Section 8 makes misdemeanors several acts of fraud, deceit, or improper methods of business.

[2] We concur in the view of the Attorney General that primarily this article is regulatory in character, referable to the police power, and not a revenue measure referable to the taxing power.

[3] But it deals with farm produce, the unquestioned subject of interstate commerce. It looks to a plenary supervision and substantial control over the business.

Restrictions necessary to protect the health and safety of the people of the state, involving interstate commerce incidentally, Congress not having assumed control over the matter, have been upheld in a great variety of cases by the Supreme Court of the United States. We do not construe this statute to be within this class as illustrated in the case of Savage v. Jones, 225 U. S. 501, 32 S. Ct. 715, 56 L. Ed. 1182.

On the other hand, recent decisions have dealt with analogous cases of state regulation involving a substantial control and supervision, resulting in interference with or burden upon interstate commerce. Such regulations are declared invalid, although enacted under the police power to prevent possible fraud. To "regulate" commerce between the states is committed to Congress. It is difficult to see what fuller regulative provisions could be made than are embodied in our Agricultural Code.

On the authority of Shafer v. Farmers' Grain Co. (1925) 268 U. S. 189, 45 S. Ct. 481, 69 L. Ed. 909, wherein many cases are cited and reviewed, we must hold that article 23 of our Agricultural Code cannot extend to and include interstate commerce. See, also, Di Santo v. Pennsylvania (1927) 47 S. Ct. 267, 71 L. Ed. 524; Real Silk Hosiery Mills v. Portland, 268 U. S. 325, 45 S. Ct. 525, 69 L. Ed. 982; Lemke v. Farmers' Grain Co., 258 U. S. 50, 42 S. Ct. 244, 66 L. Ed. 458.

We are further of opinion that article 23 was not intended to cover interstate business. In sections 1 and 2, it is limited to commission merchants who "shall receive,

sell or offer for sale on commission within this state."

[4] In the absence of the interstate commerce clause of the federal Constitution, probably its language would cover a sale or offer to sell produce in another state to be delivered in this state. But an act will be so construed as to bring it wholly within constitutional power, if its language warrants. The language here employed, as in other parts of the Agricultural Code, was, we think, intended to confine its operation to intrastate commerce, and so avoid conflict with the federal Constitution.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.