149 So.2d 916

**W. F. THOMPSON**

v.

**The STATE of Alabama.**

**6 Div. 790.**

Supreme Court of Alabama.

Jan. 17, 1963.

**384**

"Robert B. Harwood

"Presiding Judge

"Annie Lola Price
"Judge

"Aubrey M. Cates, Jr.
"Judge"

LIVINGSTON, Chief Justice.

■ Although the Court of Appeals states that the question here considered is certified to this court under the provisions of Secs. 87 and 98, Title 13, Code of 1940, we have held that there is now no field of operation for said Sec. 87 and that it is no longer operative. However, we will treat the question presented as a certification under Sec. 98. See Kendrick v. Boyd, 255 Ala. 53, 51 So.2d 694.

Article 4, Sec. 104(14), Constitution of Alabama 1901, is correctly set forth in the question presented by the Court of Appeals. Sec. 324, Title 62, Code 1940, is a local law. Opinion of the Justices, 244 Ala. 384, 13 So.2d 762.

■ We agree with the unanimous opinion of the Court of Appeals that that portion of Sec. 324, Title 62, Code 1940, providing that any person who violates the provisions of said section should be guilty of a misdemeanor and upon conviction of said offense "may be fined not more than $500.00, and in addition thereto may be sentenced to hard labor for the county for not more than 12 months, or to a term of imprisonment in the county jail for not more than 12 months," is unconstitutional.

We are not unmindful of the case of Chancey v. State, 170 Ala. 83, 54 So. 522. In that case, the defendant was convicted of failing to do road duty under a local statute for Pike County. Sec. 10 of that Act provided:

" * * * that if any person warned who is liable to road duty fails to attend, or send an acceptable substitute, with the proper tools, agreeable to the notice; or fails faithfully to perform his duty * * * shall be deemed guilty of a misdemeanor, and on conviction thereof, shall be fined not less than one nor more than $50.00 for each offense, * * *."

The late Mr. Justice Sayre referred to the offense charged as a "petit misdemeanor," but held that the offense charged, although designated a misdemeanor, was not a *crime* within the purview of Sec. 104(14), Constitution of Alabama 1901. Judge Sayre there said:

" * * * By the statute in question the failure to work the roads is made a petit misdemeanor. Both crimes and misdemeanors are defined as acts committed, or omitted, in violation of a public law, either forbidding or commanding them under penalty. In common usage, however, small faults and omissions are referred to as misdemeanors, while offenses of deeper dye and more atrocious character are called crimes. That the makers of the Constitution had this common usage in mind when framing subdivision 14 of section 104 is made clear by an inspection of the journal of the convention. This subdivision was reported to the convention in this form: 'Fixing the

punishment of crimes or misdemeanors.' On motion the words 'or misdemeanors' were stricken, and, as so amended, the subdivision was adopted. Journal Cons.Con. p. 677. The act in question is unaffected by the subdivision."

If the decision in the Chancey case, supra, is to be construed to the effect that *all* misdemeanors are unaffected by subdivision 14 of Sec. 104 of the Constitution, that decision is to be no longer followed.

We are clear to the conclusion that the crime of contributing to the delinquency of a minor cannot have a different fixed punishment in the 67 separate counties of the state. Nor could many other misdemeanors, too numerous to mention, have a different fixed punishment in each of the 67 counties of the state.

In our opinion, that portion of Sec. 324 of Title 62, supra, fixing the punishment of those who contribute to the delinquency of a minor in Jefferson County, is in violation of Sec. 104(14) of the Constitution of Alabama 1901.

Let this response be certified to the Court of Appeals.

LAWSON, SIMPSON, and MERRILL, JJ., concur.

COLEMAN, J., dissents as indicated.

GOODWYN, J., concurs in the dissent.

HARWOOD, J., not sitting.

COLEMAN, Justice (dissenting).

Reference to Official Proceedings, Constitutional Convention 1901, Vol. 2, pp. 1774–1843, discloses that the convention clearly understood the difference between the word, "crime," and the word, "misdemeanors," appearing in the report of the Committee on Local Legislation. At considerable length, the convention discussed the question of permitting or prohibiting the enactment of local laws relating to intoxicating liquor. The will of the convention appears to be that the legislature should be left free to pass local laws making an act punishable as a misdemeanor in one locality but not punishable at all in another locality.

When Subdivision 15 (now 14) of Section 104 came up for consideration, the convention recognized that if Subdivision 15 were placed in the constitution as reported by the committee, then the legislature could not pass a local law fixing the punishment for a liquor violation which was a misdemeanor. The Official Proceedings, supra, shows the following action by the convention:

"The clerk then read sub-division 15, as follows:

" 'Fifteenth—Fixing the punishment of crime or misdemeanors.'

"MR. WALKER—I offer an amendment to that sub-division.

"The clerk then read the amendment as follows:

" 'Amend by striking out the words "or misdemeanors." '

"MR. O'NEAL—I desire to state, on behalf of the Committee, that we accept the amendment offered by the gentleman from Madison (Mr. Walker).

"MR. deGRAFFENREID—I want to ask the Committee for information. As I understand it, the Convention has indicated by a vote that it does not propose to interfere with the power of the General Assembly to pass local laws with reference to liquor, and if so, there will have to be penalties attached for the intraction (sic) of such laws.

"THE PRESIDENT—The question is on the amendment offered by the gentleman from Madison to strike out the words 'or misdemeanors' at the end of the line. Upon a vote being taken the amendment was adopted.

**386**

"MR. CARMICHAEL (Colbert)—I now move to strike out subdivision 15.

"Upon a vote being taken the motion was lost.

"MR. O'NEAL—I move the adoption of the subdivision as amended.

"And the same was adopted." (Pages 1842, 1843)

In Chancey v. State, supra, this court clearly and, I submit, correctly decided that Subdivision 14 did not forbid the legislature's enacting a local law fixing the punishment for a misdemeanor, although the misdemeanor was not a liquor violation.

For aught that has been made to appear, the construction of the constitution in Chancey's case has stood unchallenged for more than half a century. I am not persuaded that any good reason has been presented which justifies reversing the former decision of this court and adopting the opposite construction of the constitution now, more than fifty years later, and, therefore, respectfully dissent.

