173 So.2d 601

### Charles Wade WALDROP

v.

### STATE.

3 Div. 173.

Court of Appeals of Alabama.

March 30, 1965.

Smith & Moore, Montgomery, for appellant.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from the Circuit Court of Montgomery County. The appellant was convicted without the intervention of a jury of a charge of contributing to the delinquency of a minor.

The gist of the State's evidence was that Waldrop induced a seventeen year old male to drive Waldrop's car while it held two gallons of untaxed whiskey.

The young man in question testified that Waldrop had hired him as an ad hoc chauffeur.

I.

Act No. 250, September 30, 1959, set up in certain counties (i. e., 125,000–225,000) a domestic relations division of the circuit court. In § 1 of that Act a juvenile is a boy or girl who is not yet eighteen.

The misdemeanor of which Waldrop stands convicted is found in Code 1940, T. 13, § 366, and is defined, in part, as "to aid, encourage, or cause any child under sixteen years of age * * * or in other manner contribute to the * * * delinquency of a child under sixteen years of age."

The question for decision is whether the mere reference to Ch. 7, T. 13, Code 1940, in § 1 of Act 250 amends the substantive definition in § 366, supra.

That section, fourth sentence, § 1, Act 250, supra, reads:

"* * * For the purposes of this Act, a juvenile is defined as any boy or girl who has not reached his or her eighteenth birthday. * * *"

■ No hint of an amendment of § 366 is given in the title of Act 250. Act 250 is basically a statute transferring jurisdiction into a new division of the circuit court. Therefore, it would be anomalous and contrary to § 45 of the Constitution as well as the canons of statutory construction to say that Act 250 by implication amended the substantive content of a law defining a serious misdemeanor.

See also Thompson v. State, 274 Ala. 383, 149 So.2d 916, as to § 104(14), Constitution 1901.

II.

The solicitor was not in attendance as required by Code 1940, T. 13, § 229. This made it incumbent on the trial judge to act as both prosecuting attorney and as trier of fact.

However, the defendant made no objection to this mode of trial. Since the charge was of a misdemeanor and reversible error otherwise appears, we forego consideration of this aspect.

III.

■ Since it is undisputed that the minor was more than sixteen years old at the time of the claimed offense, the rule in Hendricks v. State, 252 Ala. 305, 41 So.2d 423, is not applicable. Robison v. State, 30 Ala.App. 12, 200 So. 626.

Judgment is reversed and one is here rendered to discharge the defendant.

Reversed and rendered.

PRICE, P. J., not sitting.