198 So.2d 610

**STATE of Alabama**

**v.**

**Johnny Glenn ROGERS.**

**8 Div. 253.**

Supreme Court of Alabama.

April 13, 1967.

MacDonald Gallion, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for appellant.

Malone, Steele & Alexander, Athens, for appellee.

MERRILL, Justice.

This is an appeal by the State of Alabama under Tit. 15, § 370, Code 1940, from a judgment of the Limestone County Court sustaining appellee's demurrer to the complaint.

The appellee, Johnny Glenn Rogers, was arrested under a complaint filed in the Limestone County Court charging him with catching or attempting to catch fish in the public fresh waters of the State in Limestone County "by the use of a trammel net, in violation of local Act No. 201 approved September 30, 1959 * * *," which act, in pertinent part, provides as follows:

### "AN ACT

"To prohibit the use of nets for fishing in Limestone County, and making the possession of prohibited nets under described conditions prima facie evidence of their illegal use; prescribing penalties.

"Be It Enacted by the Legislature of Alabama:

"Section 1. Whoever takes, catches, or kills, or attempts to take, capture, or

kill any game or non-game fish in the public fresh waters of the state in Limestone County, by the use of a hoop or fyke net, seine, gill net, or trammel net, is guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than 50 dollars nor more than 500 dollars or imprisonment for not less than 30 days nor more than six months; and hereafter no person shall be licensed by the state department of conservation or the director thereof to use hoop and fyke nets, gill nets, trammel nets, or seines in commercial fishing operations in Limestone County.

"Section 2. The possession by any person of any hoop or fyke net, seine, gill net, or trammel net on the bank of a public stream or other public body of water or in a boat on such water in Limestone County shall be prima facie evidence that such net is being used illegally for the purpose of taking, catching, or killing, or attempting to take, catch, or kill game or non-game fish in violation of this Act.

"Section 3. All laws or parts of laws which conflict with this Act are repealed.

"Section 4. The provisions of this Act are severable. If any part of the Act is declared invalid or unconstitutional, such declaration shall not affect the part which remains."

■ The only question permissible under the statute on this type of appeal is the constitutionality of the subject Act. State v. Cecil, 216 Ala. 391, 113 So. 254. We are of the opinion that it is unconstitutional, being in violation of § 104(14) of the Constitution of Alabama 1901.

Section 104(14) provides that "The legislature shall not pass a special, private, or local law in any of the following cases: * * * (14) Fixing the punishment of crime." As seen above, Section 1 of Act 201 makes the use of trammel nets, etc., a misdemeanor and fixes punishment therefor. The question before us is whether the misdemeanor is a crime within the meaning of § 104(14).

■ The case of Thompson v. State, 274 Ala. 383, 149 So.2d 916, compels an affirmative answer. That case involved an appeal to the Court of Appeals from a conviction in Jefferson County for violating Section 324 of Title 62, Code 1940. Section 324 is a general law of local application applying only to Jefferson County and fixes the punishment for contributing to the delinquency of a minor child as a fine of not more than $500.00 and a sentence to imprisonment or hard labor for not more than twelve months. The question of the constitutionality of the law was certified to the Supreme Court, and a majority of the court held that portion of the statute prescribing punishment for the misdemeanor to be unconstitutional, saying:

"If the decision in the Chancey case, supra (Chancey v. State, 170 Ala. 83, 54 So. 522) is to be construed to the effect that all misdemeanors are unaffected by subdivision 14 of Sec. 104 of the Constitution, that decision is to be no longer followed.

"We are clear to the conclusion that the crime of contributing to the delinquency of a minor cannot have a different fixed punishment in the 67 separate counties of the state. Nor could many other misdemeanors, too numerous to mention, have a different fixed punishment in each of the 67 counties of the state."

Limestone County is bounded on the north by the State line, on the east by Madison County, on the south by the center line of the Tennessee River separating Limestone County from Morgan County and Lawrence County, and on the west by Lauderdale County. The Counties of Morgan, Lawrence and Lauderdale have local laws or general laws with local appli-

cation prohibiting fishing with nets and in each law the punishment for violating the law is different from that provided in the Limestone County Act before us.

This is the very thing sought to be guarded against in the *Thompson* case, supra. We illustrate this statement by the following. Part of the west boundary of Limestone County is the Elk River, a tributary of the Tennessee River, and the entire southern boundary is the Tennessee River. Each of these rivers at those points are lakes because of Wheeler Dam. A commercial fisherman has a statewide license issued by the State to use nets pursuant to Tit. 8, §§ 81(13) and 81(14). He is fishing near the center of the Tennessee or Elk Rivers. The county line is ill-defined on the lake. He is faced with different punishments, depending upon the county to which he is taken. When consideration is given to Tit. 15, § 95, which permits prosecution of an offense within a quarter of a mile of a county boundary in either county, a situation arises where the arresting officer could take the fisherman to the county having the severer punishment if the fisherman were apprehended in a half-mile strip on the lake. Such a situation is what was ruled out in Thompson v. State, 274 Ala. 383, 149 So.2d 916. Based upon our holding in that case, Act 201 is unconstitutional.

The State argues that the matter of a different punishment in each of the 67 counties is not here involved; that a violation of Act 201 can only take place in Limestone County. But that is no answer, for in *Thompson,* the violation of Section 324 of Title 62 could only take place in Jefferson County. See also Waldrop v. State, 42 Ala.App. 609, 173 So.2d 601, where a violation of the Act there in question could only take place in Montgomery County.

We are not to be understood as passing. upon or intimating our opinion of the constitutionality of the Acts prohibiting commercial fishing with nets in any counties other than Limestone. Those Acts are not before us.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.