214 So.2d 451

**Glenn ROGERS**

v.

**STATE.**

**8 Div. 176.**

Court of Appeals of Alabama.

Aug. 27, 1968.

Ralph E. Slate, Decatur, for appellant.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

This is an appeal from a palpable miscarriage of justice, i. e., from a conviction under a statute which our Supreme Court had strongly· indicated violated the State Constitution. Properly, the Attorney General, in brief, confesses error.

On September 25, 1967, a conservation officer arrested Rogers apparently without a warrant. The officer, on the next day, appeared before the Judge of Probate of Lawrence County and swore that Rogers (1) caught fish in Foxes Creek with a trammel net, and/or (2) used a trammel in commercial fishing operations there. In the

1. "§ 98. Before the court of appeals should strike down any statute, federal or state, not previously nullified by the supreme court, the question involving the validity of same must be submitted to the supreme court for determination, the result shall be transmitted to the court of appeals, which said court shall be controlled in its decision by the determination of the

writ of arrest, this act was charged as being against the form of Act No. 288, October 9, 1959 (Acts 1959, p. 853).

A good five months beforehand the Supreme Court emphatically affirmed Judge Rosenau's rejection of a local trammel net statute in the adjoining county of Limestone. State v. Rogers, 281 Ala. 27, 198 So.2d 610.

The only clue as to why the State brought this case in Lawrence County comes from an intimation in Roger's brief that the arrest was a "set-up" situation to test the constitutionality of a local law. This view might derive from the last paragraph in State v. Rogers, supra, which reads:

"We are not to be understood as passing upon or intimating our opinion of the constitutionality of the Acts prohibiting commercial fishing with nets in any counties other than Limestone. Those Acts are not before us."

██ This caution clearly is but a confinement of the decision within the scope of the rules of res judicata. However, for the purposes of applying Code 1940, T. 13, § 98,[1] the remainder of the opinion binds us as stare decisis both under § 98, supra (as "previously nullified"), and under § 95 of the same Title. See Johnston v. Mobile Hotel Co., 27 Ala.App. 145, 167 So. 595 (hn. 1).

The Act being void the offense charged thereunder is nonexistent. The judgment below is reversed and one is here rendered discharging the defendant sine die.

Reversed and rendered.

supreme court. When a statute has been assailed upon constitutional grounds, in the court of appeals, and is upheld by said court, the aggrieved party may review the ruling of the court of appeals in this particular, by a writ of error to the supreme court, unless the question was previously submitted to the supreme court by the court of appeals."