The appellant was arrested on September 7, 1976, for carrying on or representing lottery by operating a bingo game. The appellant pled not guilty and filed a demurrer and a motion to strike the affidavit and complaint. The primary thrust of the demurrer and motion is that Title 14, § 275, Code of Alabama 1940, is unconstitutional and a denial of equal protection of the law as applied against the appellant and the game of bingo, because it is not uniformly enforced against all games of chance.
In dismissing the charges brought against the appellant on the grounds that the enforcement of the statute was a denial of equal protection of the law as applied against the appellant and the game of bingo, the lower court found that the appellant had made a conclusive showing that:
 "bingo is played in surrounding counties in Alabama with impunity, that senior citizens are the primary patrons of bingo games and receive a great deal of satisfaction and enjoyment from the game of bingo, that numerous churches and civic groups also on occasion sponsor bingo games as a fund-raising activity, that the various carnivals which come to Lauderdale County have numerous games of chance played thereat without law enforcement action being taken against them, and that numerous fraternal, church and other civic organizations sell chances on various types of prizes as fund-raising activities, and that a game of chance consisting of a punch board was available for play in the Lauderdale County Courthouse concession stand on the day of the hearing in this action."
The record supports the factual finding of the trial court. The state gave notice of appeal.
The initial question before this court is whether the state has a right to appeal a decision of a trial court dismissing the charges against the accused on the ground that the enforcement of the statute was a denial of equal protection of the law as applied against the defendant.
The controlling statute is Title 15, § 370, Code of Alabama 1940, which provides as follows:
 "In all criminal cases when the act of the legislature under which the indictment or information is preferred is held to be unconstitutional, the solicitor may take an appeal in behalf of the state to the supreme court, which appeal shall be certified as other appeals in criminal cases; and the clerk must transmit without delay a transcript of the record and certificate of appeal to the supreme court."
There is no inherent or inalienable right of appeal. State v.Bibby, 47 Ala. App. 240, 252 So.2d 662 (1971). The state cannot appeal except upon statutory authority. Before 1880 the prisoner alone was given the right to appeal. State v. Hewlett, 124 Ala. 471,27 So. 18 (1899). Thereafter, what is now Code 1940, Title 15, § 370 allowed the "solicitor" to take an appeal on behalf of the state when an act of the legislature (on which the indictment or information was preferred) had been held unconstitutional *Page 234 
by the trial court. This is the state's only criminal appeal unless the appeal by the state authorized in habeas corpus cases by Title 15, § 369, Code 1940, is classified as criminal.Bibby, supra.
Therefore, with the exception of habeas corpus cases, the state is not entitled to appeal in a criminal case in the absence of a judgment of the trial court holding the statute under which the indictment or information was preferred to be unconstitutional. State v. Cagle, 42 Ala. App. 344,164 So.2d 512 (1964); Code 1940, Title 15, § 370 and cases cited in annotation following; 7 Alabama Digest, Criminal Law, 1024. On an appeal under Title 15, § 370, the only question permissible is the constitutionality of the statute, State v. Rogers,281 Ala. 27, 198 So.2d 610 (1967); State v. Cecil, 216 Ala. 391,113 So. 254 (1927); State v. Street, 117 Ala. 203, 23 So. 807
(1897), and not whether the statute is being enforced in an unconstitutional fashion or manner.
The right of the state to a review in a criminal case is dependent upon the statutory authority as indicated above, and may not be enlarged or extended by judicial construction. Statev. Powe, 28 Ala. App. 402, 185 So. 781 (1939); State v. Martin,30 Ala. App. 466, 10 So.2d 671 (1942). Title 15, § 370 does not provide for an appeal by the state where the enforcement of the statute has been held to be unconstitutional but the constitutionality of the statute itself has not been questioned. Under such circumstances this court is without proper jurisdiction to entertain this appeal.
APPEAL DISMISSED.
All Judges concur.