DeCARLO, Judge.
Fishing gill nets in prohibited waters.
On September 15, 1976, Richard Wallace, a game warden for the State of Alabama, obtained a warrant for the arrest of Den-non Ray Lash for fishing with gill nets in prohibited waters of the Tennessee River and its tributaries.
The affidavit, supporting the warrant of arrest, alleged that Dennon R. Lash “. . . did on or about 9/15/76 take, catch, capture or kill a non-game fish, to wit a drum by use of a gill net in Second Creek a tributary of the Tenn. River lying within the boundaries of Ala., in Lauder-dale, Ala.”
The warrant of arrest based on the foregoing affidavit was issued and Lash, on September 15, 1976, signed his bond and trial was set for September 17, 1976. Lash was represented by two attorneys and each filed a demurrer on September 22, 1976. On October 18, 1976, the judge of Lauder-dale County Court sustained the demurrers and ruled that Act No. 336, Acts of Alabama, 1976 Regular Session, violates the Alabama Constitution of 1901, specifically, Article 4, § 104(14), and § 105, and could not be enforced.
The State of Alabama gave notice of appeal on October 18, 1976, and on November 3, 1976, the Lauderdale County Court on its own motion amended the above order and stated the “affidavit” also violated § 110, of Article 4 of the Alabama Constitution of 1901.
The act, upon which this arrest was based, reads:
“Section 1. It shall be unlawful for any person to take, catch, capture or kill any game or nongame fish by use of a gill, trammell or similar type net in that part of the Tennessee River lying within the boundaries of Alabama and all tributaries thereto.
“Section 2. Any person violating the provisions of this act shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine of not less than one hundred dollars ($100.00), nor more than five hundred dollars ($500.00), or by imprisonment in the county jail for six (6) months, or both such fine and imprisonment.
“Section 3. The provisions of this act are severable. If any part of the act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.
“Section 4. All laws or parts of laws which conflict with this act are repealed. “Section 5. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.”
I
The sole question presented by this appeal is whether Act No. 336, Acts of Alabama 1976, Regular Session, is a local law within the meaning of the Constitution of Alabama, Article 4, § 110, and 104(14).
Section 110 of Article 4 of the Alabama Constitution of 1901 reads:
*750 “A general law within the meaning of this article is a law which applies to the whole state; a local law is a law which applies to any political subdivision or subdivisions of the state less than the whole; a special or private law within the meaning of this article is one which applies to an individual, association or corporation.”
The Supreme Court of Alabama observed in State ex rel. Attorney General v. Sayre, Judge, etc., 142 Ala. 641, 39 So. 240:
“It appears to be beyond question, as has been suggested, that when the Constitution defines a general law to be one that applies to the whole state, and that a local law is one which applies to any particular subdivision or subdivisions of the state less than the whole, it has reference to statutes in a territorial application, and not in their subject-matter.”
In our judgment Act No. 336, supra, does not propose to regulate fishing in the entire State, but prohibits the taking, catching, capturing or killing game or non-game fish by use of gill, trammel or similar type nets in that part of the Tennessee River lying within the boundaries of Alabama and all tributaries thereto.
The act specifically states that it is to operate “. . .in that part of the Tennessee River lying in the boundaries of Alabama and all tributaries thereto.” This is a specific designation and we take judicial notice that the territorial limits of the Tennessee River are bound by only nine counties in this State. Nolen v. State, 35 Ala.App. 249, 45 So.2d 786. Those counties are: Colbert, DeKalb, Jackson, Lauderdale, Lawrence, Limestone, Madison, Marshall and Morgan.
In view of the holding in State ex rel. Attorney General v. Sayre, Judge, etc., supra, we are compelled to find this was a local law. See State ex rel. Gray v. Stoutamire, Sheriff, 131 Fla. 698, 179 So. 730.
Being a local law it is mandatory that notice of an intention to apply for its passage be published. Failure to comply with Amendment 341 (Amendment of § 106), Alabama Constitution of 1901, would render the act void. State ex rel. Attorney General v. Sayre, Judge, etc., supra; Couch v. Rodgers, 253 Ala. 533, 45 So.2d 699.
We have searched the House and Senate Journals of Alabama of 1976 and did not find certification of notice of the act in question. Without an affirmative showing that this act was passed in accordance with the provisions of Amendment 341, supra, we must pronounce it void.
Further, § 104 Article 4, Alabama Constitution of 1901, provides that:
“The legislature shall not pass a special, private, or local law in any of the following cases: . . . (14) Fixing the punishment of crime . . . .”
It is clear that § 2 of Act No. 336, supra, provides punishment for a “crime.” State v. Rogers, 281 Ala. 27, 198 So.2d 610; and Thompson v. State, 274 Ala. 383, 149 So.2d 916.
See also Chancey v. State, 170 Ala. 83, 54 So. 522.
II
The State has contended that the trial judge did not find that the act in question did not apply to the State as a whole. The record indicates that the demurrers filed by the appellee’s two attorneys were sustained on October 18,1976 and the court ruled that the act was in violation of Article 4, § 104(14), and § 105 of the Alabama Constitution. Also, on November 3, 1976, the court amended its previous order and stated that the affidavit also violated § 110 of Article 4 of the Alabama Constitution of 1901.
The demurrer, filed by one of the attorneys for the appellee, specifically addresses this point. The demurrer, as shown in the record, assigned these pertinent grounds:
“4. That said Act, on it’s [sic] face, shows that it is in violation of Art. 4, Sec. 110 of the Constitution of the State of Alabama in that it does not apply to the State as a whole.
“5. That it shows upon it’s [sic] face that the persons that would be convicted under said law must live within the counties *751 embraced within the walls of the Tennessee River and all of it’s [sic] tributaries.”
In view of the court’s ruling, on November 3,1976, and its sustaining the appellee’s demurrer, we are of the opinion that the court determined that Act No. 336, supra, did not have application to the State as a whole.
Ill
The State insists that a statute should not be held to be local where, by its terms, given a reasonable and fair construction, it may be interpreted as a general law. The State maintains this is an established rule of interpretation which should be followed, regardless of the law involved. Further, the State says in its brief:
“The Supreme Court has also noted that it is the imperative duty of the Court to uphold the statute, fairly susceptible to two interpretations, even though doing so be the less natural interpretation.”
It is argued that the act in question names no county and refers only to the Tennessee River and its tributaries within the State boundaries. The State maintains this “. . could affect the entire State, if not now then some time in the future, as ‘less natural’ and interpretation as that might be.”
In support of this contention, the State has cited State ex rel. Collman v. Pitts, Probate Judge, 160 Ala. 133, 49 So. 441, 445. In that case the Supreme Court said:
“. . . it is an established rule of construction, which makes it the imperative duty of the court to uphold a statute, when it is fairly susceptible of two interpretations, one of which will uphold its constitutionality, and the other defeat it, though the adoption of the former be the less natural.”
However, the Supreme Court of Alabama in McCall v. Automatic Voting Mach. Corporation, 236 Ala. 10, 180 So. 695, noted there were limitations to the above “established rule of construction!” The court said:
“There are, however, limitations to the application of these principles, and the courts are not at liberty in order to sustain a statute to give it a forced construction or to read into it and interpolate words which do not appear in the language enacted by the legislature.”
After reading and examining Act No. 336 recited above, it is our judgment that it is not susceptible to two interpretations without a “forced construction.” It seems impossible that a “less natural” interpretation would mean that the act applied to any other territories except those bordering the Tennessee River and its tributaries.
Having determined the act in question is unconstitutional under §§ 104(14), supra, and 106, supra, we do not deem it necessary to discuss the effect of § 105, supra, on the act.
Since the act in question was in violation of the Alabama Constitution of 1901, the demurrers were properly sustained.
IV
Under Act No. 1631, Acts of Alabama, 1971 Regular Session, and Act No. 27, Acts of Alabama, 1964 Special Session, appeals from the Lauderdale County Court were to be to the Circuit Court of Lauder-dale County. The record shows this appeal was taken directly from the Lauderdale County Court to this Court in violation of the above statutes. See State v. Hewlett, 124 Ala. 471, 27 So. 18. Although we have discussed the constitutionality of the act in question, we have no recourse but to dismiss the appeal for lack of jurisdiction.
APPEAL DISMISSED.
All the Judges concur.