To the House of Representatives
State Capitol
Montgomery, Alabama
Dear Representatives:
We acknowledge receipt of House Resolution No. 212 requesting an advisory opinion on the constitutionality of Senate Bill No. 263. Resolution No. 212 reads:
“BE IT RESOLVED BY THE HOUSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court, or a majority of them, to give this body their written opinion to the following important constitutional question which has arisen concerning the pending bill, S.B. 263, a copy of which is attached to this resolution and made a part hereof by reference:
“1. Does S.B. 263 conflict with Article 4, Sections 104(14) and 105 of the Constitution of Alabama 1901?
“RESOLVED FURTHER, That the Clerk of the House is hereby directed to send five true copies of the pending bill, S.B. 263, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this Resolution.”
The copy of S.B. 263 forwarded with the resolution reads:
*882 “A BILL
TO BE ENTITLED
AN ACT
“Relating to DeKalb County; providing that it shall be unlawful for anyone to willfully throw or cast headlights or any rays of artificial light from any motor vehicle in any field, woodland or forest in an attempt to locate deer or any other wildlife with the exception of farmers who may do so while checking livestock on owned, leased or rented land; and providing for penalties.
“BE IT ENACTED BY THE LEGISLATURE OF ALABAMA:
“Section 1. In DeKalb County, it shall be unlawful for any person, or one or more of a group of persons together, to willfully throw or cast, or cause to be thrown or cast, the rays of a spotlight, headlight, or other artificial light from any motor vehicle, with the aid of any motor vehicle, on any highway, or in any field, woodland, or forest, in an apparent attempt or with intent to locate deer and/or other wildlife. The provisions of this section shall not apply to farmers while checking livestock upon land which they own, lease, or rent, emergency vehicles, law enforcement vehicles and public utility vehicles.
“Section 2. Any violation of the provisions of this act shall be a misdemeanor and punishable by a fine of not less than twenty-five dollars ($25.00) nor more than one hundred dollars ($100.00).
“Section 3. The provisions of this act are severable. If any part of the act is declared invalid or unconstitutional, such declaration shall not affect the part which remains.
“Section 4. All laws or parts of laws which conflict with this act are hereby repealed.
“Section 5. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.”
Senate Bill 263 is a local act relating to DeKalb County which provides that it shall be unlawful for anyone to willfully throw or cast any rays of artificial light from any motor vehicle into any field, woodland, or forest in an attempt to locate deer or any other wildlife. Senate Bill 263 further provides that violation of the act shall be a misdemeanor punishable by a fine of not less than $25.00 nor more than $100.00.
Section 104(14) of the Constitution of Alabama 1901 provides: “The legislature shall not pass a special, private, or local law in any of the following cases: ... (14) Fixing the punishment of crime....” This section prohibits the Legislature from enacting a local law fixing the punishment of a crime. The provisions of S.B. 263 purport to proscribe certain conduct, a violation of which would amount to a misdemeanor; therefore, we are of the opinion that S.B. 263 violates § 104(14).
Our opinion is mandated by this Court’s decision in State v. Rogers, 281 Ala. 27, 198 So.2d 610 (1967). At issue in Rogers was the constitutionality of a local act which prohibited the use of nets for fishing in Limestone County and made a violation of that act a misdemeanor punishable by a fine of not less than $50.00 nor more than $500.00 dollars or imprisonment for not less than 30 days nor more than six months. The Court, relying on Thompson v. State, 274 Ala. 383, 149 So.2d 916 (1963), held that the act was unconstitutional, being in violation of § 104(14). In Thompson, this Court had determined that a local act fixing the punishment of those who contributed to the delinquency of a minor in Jefferson County, was violative of the constitutional provision prohibiting the Legislature from passing local laws regarding the fixing of punishment for a crime. See also Opinion of the Justices, 373 So.2d 278, 279 (Ala.1979) (Torbert, C.J., additional comments).
Because we have determined that S.B. 263 is unconstitutional under § 104(14), we decline to answer whether it is unconstitutional under § 105 of the Constitution of Alabama 1901.
*883 Respectfully submitted,
C.C. TORBERT, Jr. Chief Justice
HUGH MADDOX
JAMES H. FAULKNER
RENEAU P. ALMON
JANIE L. SHORES
SAM A. BEATTY
OSCAR W. ADAMS, Jr. Justices