The defendant was indicted for the offense of manslaughter. At trial, following the presentation of the evidence by the prosecution, he moved for a judgment of acquittal or, in the alternative, that the indictment be quashed. The trial court granted the motion to quash the indictment, holding that the indictment "[d]oes not state an indictable offense." Pursuant to § 12-22-91, Code of Alabama (1975), which allows the State an appeal from a ruling holding a statute unconstitutional, the State appealed to the Alabama Supreme Court, which ordered the case transferred to this court.
Following the defendant's motion for directed verdict of acquittal or, in the alternative, that the indictment be quashed, the trial court made the following statement:
 "THE COURT: All right. It is my opinion that this matter of provocation and heat of passion are strictly and purely matters of defense to a charge of murder. This defendant is not charged with murder. He is charged with manslaughter under the section of the statute that places the burden of proof upon the State to prove the defensive matters before he can be found guilty of this charge. It places the defendant in a position of either helping the State to prove its case or sitting and not saying anything and not testifying which he has a right to do, I don't know whether he will or not, but he has a right to testify. But if he does testify, then he will be in a position of helping to prove the case for the State. I don't know what his testimony would be, but the only elements of this offense are the intent to kill a person, which is purely a burden upon the State to prove, very clearly so, and the provocation in heat of passion which is clearly and purely and has always been and should be by every reasonable concept defensive matters. So the only two elements aside from self-defense that this defendant could possibly present evidence to offset would be the provocation in heat of passion which would be working against himself in proving the case for the State, and I think the defendant is in an untenable position. I think this statute, 13A-6-3, is unenforceable, it is void, it is purely a defensive matter to the offense of murder and not an offense. It is an attempt by the legislature to make an offense out of a defensive matter. And I believe that it is improper and cannot be enforced and does not state a criminal offense, cannot state a criminal offense in and of itself by setting up a matter of defense, making matters of defense matters of offense, so I am going to grant the motion to quash this case."
The record indicates that the indictment correctly charged and notified the appellant of every element of the manslaughter statute. The "heat of passion" and "provocations" elements of manslaughter are not defensive matters, but are rather elements that "mitigate the homicide from murder to a lesser grade." Section *Page 595 13A-6-3 Commentary, Code of Alabama (1975), citing Smith v.State, 83 Ala. 26, 3 So. 551 (1887). These elements are clearly part of the State's burden of proof in showing that a person committed the crime of manslaughter. Section 13A-6-3 gives notice of the elements which must be proved to show that a person committed the crime of manslaughter. Because the indictment follows the language of the statute sufficiently for the appellee to be informed of the nature of the accusation made against him, we find that the trial court erred in quashing the indictment. " 'An indictment which follows the language of a statute is sufficient to apprise the [defendant] of the charges against him, and to allow him to prepare a defense.' Copeland v. State, 455 So.2d 951 (Ala.Cr.App. 1984), cert. denied, 455 So.2d 956 (Ala. 1984)." State v. Palmer, [Ms. 4 Div. 915, January 26, 1988] (Ala.Cr.App. 1988).
REVERSED AND REMANDED.
All Judges concur. *Page 1052