SHORES, Justice.
This is a DUI case that was appealed to the circuit court for a trial de novo. Willie Adams was arrested in Dale County, Alabama, on April 21, 1990, and was charged with driving under the influence of alcohol, in violation of § 32-5A-191(a)(2), Code of Alabama 1975. The DUI statute is part of Title 32, Chapter 5A, which contains the Alabama Rules of the Road Act; that Act makes a violation of this section a misdemeanor. § 32-5A-8; § 13A-1-2(3); King v. Wooldridge, 547 So.2d 576, 577 (Ala.Cr.App.1988), judgment reversed by Ex parte King, 547 So.2d 579, 580 (Ala.1989).
The case was set for trial in Dale County Circuit Court on November 5, 1990. The trial judge heard testimony as part of Adams’s motion to dismiss on the grounds that the evidence did not present an “accident” within § 32-5-171, Code of Ala.1975. Finding that the officer did not have the necessary probable cause to arrest Adams, he entered a judgment of acquittal.
The State filed a notice of appeal. The Court of Criminal Appeals, without addressing the question of whether the State has a right to appeal an acquittal, reversed and remanded the case to the trial court on the grounds that the facts of the case were sufficient to show an “accident” within § 32-5-191. 592 So.2d 639.
Adams filed in this Court a petition for the writ of certiorari, contending that the State has no right of appeal in a criminal case and seeking a dismissal of the State’s appeal. We reverse the judgment of the Court of Criminal Appeals and dismiss the appeal, on the authority of City of Mobile *642 v. Welch, 572 So.2d 1322 (Ala.Cr.App.1990). In City of Mobile, the City sought to appeal a judgment based on a directed verdict of acquittal in a misdemeanor case. The Court of Criminal Appeals dismissed the appeal, correctly stating the rule as follows:
“The City of Mobile has filed an appeal from the judgment of the circuit court. However, with the exception of certain pretrial appeals (see Rule 17, A.R.Cr. P.Temp. [now Rule 15.7, A.R.Cr.P.]) and habeas corpus cases, the State is not entitled to an appeal from a judgment in a criminal case in the absence of a judgment of the trial court holding the statute under which the indictment or information was preferred to be unconstitutional. State v. Gautney, 344 So.2d 232 (Ala.Cr.App.1977); State v. Powe, 28 Ala. App. 402, 185 So. 781 (1939); State v. Cagle, 42 Ala.App. 344, 164 So.2d 512 (1964). See also § 12-22-91, Code of Alabama, 1975. The State is not entitled to appeal the circuit court’s judgment of acquittal and discharge of the appellee.”
For the reasons stated in City of Mobile, the judgment of the Court of Criminal Appeals is due to be reversed and the appeal dismissed.
REVERSED AND JUDGMENT RENDERED DISMISSING THE APPEAL.
HORNSBY, C.J., and ALMON, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.